WILLBANKS v. ROGERS.  (No. 1746.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 2, 1921. Rehearing Denied March 2, 1921.)

1. Partnership ☛336(3)—Plaintiff held not to sustain burden of proving misapplication or misuse of funds.

In a suit for accounting, evidence held not to sustain burden of showing misapplication or misuse by defendant of certain money plaintiff furnished for partnership needs.

2. Partnership ☛74—Funds put into partnership assets to be considered in determining profit or loss.

In a suit for an accounting by a partner furnishing a garage, machinery, and supplies, against a partner operating the garage and agreeing to furnish labor, supplies, and expenses, if defendant put funds to pay therefor into the business these amounts should be paid out of the partnership assets, and considered in determining profit or loss to be divided equally under the agreement whereby each could take out capital contributed.

3. Partnership ☛344 — On accounting one partner may be decreed an equitable lien on the share of another for the amount found due.

In a suit for partnership accounting plaintiff may be decreed a lien on defendant's half-

interest in uncollected partnership accounts, which may be directed to be sold in satisfaction thereof, for the amount due in settlement, and this is also true of any partnership funds defendant used for his individual benefit, but no such lien may be allowed for a debt from defendant to plaintiff for a matter not within the partnership.

Error from District Court, Dallam County; Reese Tatum, Judge.

Suit by John E. Rogers against John Willbanks. Judgment rendered, settling the partnership business of plaintiff and defendant, and defendant brings error. Reversed and remanded.

W. I. Gamewell, of Dalhart, for appellant.
Bailey & Richards, of Dalhart, for appellee.

BOYCE, J. The defendant in error, Rogers, brought this suit against plaintiff in error, Willbanks, for an accounting of a partnership business and recovery of any balance that might be found due him on such accounting, and also to recover certain amounts paid by the plaintiff as surety on certain notes executed by the plaintiff and defendant. The plaintiff alleged that he was the owner of a garage at Texline, Tex., consisting of a brick building, machinery, and automobile supplies of the value of $1,259; that he made an agreement with the defendant, by the terms of which the defendant agreed to operate the business "buying and himself paying for all further or additional supplies, all labor and expenses of every kind whatsoever and after the payment thereof plaintiff and defendant would divide the net profits therefrom equally, it being the purpose of the parties that the said 50 per cent. going to the defendant would be paid to him as payment for his labor, skill, and services in running and operating the same"; that during the time the defendant was running such business he applied to the plaintiff on two occasions, representing that he had to have additional funds with which to purchase supplies, and induced the plaintiff to execute with the defendant two notes, one for $300 and the other for $400, for the purpose of securing such funds; that the plaintiff was compelled to pay these notes; that the defendant did not use said funds so secured in the business but used them for his own personal benefit and account; that on another occasion the defendant induced the plaintiff to sign with him as surety a note for the sum of $250 for the purpose of enabling the defendant to purchase an automobile for his own use, and that the plaintiff has been compelled to pay said note also; that the plaintiff thereafter took charge of said business, the supplies then on hand, its accounts, etc., and renders a statement of such matters, but that because the plaintiff does not know how much of the moneys secured by said notes was used in said business, nor how much of the moneys coming into the business was withdrawn by the defendant, the plaintiff is unable to state what amount the defendant owes him. Wherefore he prays for an accounting, etc. The defendant answered, admitting that the $250 note was executed for his personal benefit, but alleging that the funds secured by the loan evidenced by the other two notes went into the partnership assets; that the business had made large profits, and he was entitled on an accounting for judgment for one-half of such profits as might be found to be due him.

It appears from the finding of the jury and the evidence that the agreement was made as pleaded; that on dissolution of the partnership the value of the supplies, after payment of all indebtedness due thereon, returned to plaintiff was about $75 in excess of the value of said property at the time of the delivery into the management of the defendant; that each of the parties had received certain stated sums out of the partnership while it was running; that there were at the time of the judgment uncollected accounts due the partnership aggregating the sum of $1,216.10. The jury found that the notes for $250, $300, and $400 were each executed for the benefit of the defendant only, and that the plaintiff had paid these notes. Judgment was entered settling the partnership business on the theory that the defendant had not put said $700, secured on the two notes above described, into the partnership business, and that plaintiff was entitled to judgment against defendant for the amount paid in satisfaction of said three notes.

[1] We do not think the finding, and the judgment based thereon, that the moneys obtained on the two notes, one for $300 and the other for $400, were used for the individual benefit of the defendant is supported by the evidence. The defendant testified that the funds were placed to the credit of the partnership account in the Dallam county bank and checked out in payment of partnership indebtedness. The plaintiff testified in reference to such matter:

"I suppose that money was put in the bank there to the credit of the Texline Garage. We had an understanding there between the parties as to where it was to be placed. I stated that it should be placed to the credit of the Texline Garage. I don't know where the money was placed. I didn't see the deposit slip or anything about it. When I signed those original notes I don't know what Willbanks did—whether he got his deposit slip for it or not. I signed the note and turned around and walked out of the bank, but I don't know what became of the money."

[2] There was no evidence to show that the money was not placed to the credit of the Texline Garage, the name under which the

partnership was doing business, nor any evidence to show that the defendant used these funds for his personal benefit. The plaintiff had the burden of proof on the issue, and we regard the evidence as insufficient to show a misapplication or misuse of these funds by the defendant. If the defendant put the funds into the partnership business, paying for supplies, labor, or expenses of any kind out of the same, these amounts should be paid out of the partnership assets and taken into consideration in determining whether there was a profit or loss and the amount thereof. The defendant in error seems to think that if the money were spent for supplies or expenses under the agreement that plaintiff should pay for any additional supplies and all expenses, then such fact would sustain the judgment. He overlooks that part of the agreement to the effect that the profits should be divided equally after payment of such items had been made. Each party, under the agreement, would be entitled to take out of the business the capital which he had contributed. If anything remained, this would be profits; if there were a deficit this would be a loss. The plaintiff took out all of the capital that he had put into the business. If the $700 did go into the partnership account and was expended for the benefit of the partnership, then said sum should be repaid out of the partnership assets in order to establish the profit or loss of the business. Under the judgment, the defendant would be compelled to pay this $700, and the partnership business is so settled by the judgment as that he is not to be repaid this amount out of the partnership assets.

[3] The judgment decreed a lien in plaintiff's favor on defendant's one-half interest in the uncollected partnership accounts, and directed the sale thereof in satisfaction of plaintiff's judgment, and the plaintiff in error complains of this portion of said judgment. We understand that in the winding up of a partnership business one partner may have an equitable lien on the partnership assets for the payment of any amount that may be found to be due him in the settlement. Rogers v. Nichols, 20 Tex. 725, citing 3 Kent, 65; R. C. L. vol. 20, pp. 1031, 1032; Bates on the Law of Partnership, §§ 820, 821. If it be true that the defendant used for his individual benefit the funds, or any part of them, received on the execution of the two notes, for $300 and $400, this money being borrowed for the purpose of being put into the partnership business, the plaintiff would have the right to have such funds repaid out of the defendant's interest in the partnership assets on hand. If the $250 secured on the other note was never intended to go into the partnership business at all, and that seems to be a fact, the plaintiff would have no lien on the partnership assets to secure the payment of this individual debt. See authorities above cited.

Several other questions are presented by other assignments, but we find no error except as above stated.

The judgment will be reversed, and the cause remanded.