# Bromberg v. Yukers.

*Bill Under Statute, to Quiet Title.*

1. *Construction of deed; remedy at law; parties.*—Where an admin-

37

istrator, for the purpose of paying the debts of the intestate, sells lands of the estate under decree of the Probate Court, in which proceedings the land is described in the petition as situated on a certain corner of two streets, and fronting 108 feet more or less on one of the streets, and running back, &c., and it is also recited in the petition, that this is the only realty of the estate, and the description in the decree of sale, and in the deed of the administrator conforms to that in the petition, when as a matter of fact the property fronts 160 instead of 108 feet on the street named: *Held* (1), the question whether the purchaser took 108 or 160 feet front was one of construction of his deed, and that the remedy at law was adequate; (2) the administrator is not a proper party defendant to a proceeding to settle the titles when the purchase-money was sufficient to pay the debts of the estate; (3) the Chancery Court could not extend the provisions of the administrator's deed, so as to include a greater interest than that authorized by the petition and the decree; (4) the fact that the petition recited that the land described was all the realty of the estate, did not give the court jurisdiction to order a sale of the part not described.

2. *Construction of deed; "more or less" construed.*—The words "more or less," when used in a deed, a petition to sell lands, or a decree, should be construed with reference to the particular circumstances under and in relation to which they are used.

APPEAL from Mobile Chancery Court.

Heard before Hon. WM. H. TAYLOE.

This bill was filed by Frederick G. Bromberg against John M. Yukers on January 9th, 1895. The material facts as alleged in the bill, are set out in the opinion. The prayer of the original bill was in effect that a decree be rendered settling the rights of the parties to the 52 feet of the lands described in the bill. The defendant demurred, on the ground that the bill showed that the complainant had no claim to the land in controversy. This demurrer was sustained, and thereupon the complainant offered to amend his bill by making the administrator a party defendant, and amending the prayer by asking that the administrator be required to execute to complainant a deed of conveyance with such particularity of description as would embrace all the lands of his intestate on the streets named in the bill.

The court refused to allow the amendment, and from that action and its ruling on the demurrer, the complainant appealed.

F. G. BROMBERG, for appellant.—The petition shows

[Bromberg v. Yukers.]

it was intended to sell all the land, and this intention should be carried out.—*Taylor v. A. & M. Assn*, 68 Ala. 229; 1 Story Eq. Jur. 64 g.   As to construction of words "more or less," cited, 2 Wheat. 206; *Austin v. Willis*, 90 Ala. 425; *Davock v. Nealon*, 32 Atl. Rep. 675; *Blaney v. Rice*, 32 Am. Dec. 204; *Phipps v. Tarpley*, 24 Miss. 599; *Rogers v. Peeples*, 72 Ala. 530; *Joseph v. Seward*, 91 Ala. 597; *Winston v. Browning*, 61 Ala. 83; *Hodges v. Denny*, 86 Ala. 230; *Dale v. Smith*, 12 Am. Dec. 64 and note; 15 Am. & Eng. Enc. L. 717; 2 Dev. Deeds, § 1046.

If the 52 feet was in fact land of the intestate, the administrator had an interest, and was a proper party. *S. & N. A. R. R. Co. v. Highland Av. & N. R. Co.*, 16 So. Rep. 113; *Exparte* Ashurst, 100 Ala. 573.

R. T. ERVIN, *contra*, on construction of the words "more or less," cited *Oaks v. DeLancey*, 28 Am. St. Rep. 628; 2 Bon. Law Dic. 197; *Blankey v. Rice*, 20 Pick. 62; *Johnson v. Pennell*, 2 Wheat. 206.

COLEMAN, J.—Robert Sands, as administrator of Barbara Yukers, filed a petition in the Probate Court to obtain an order to sell real estate of his intestate for the purpose of paying the debts of said estate.   The petition described the property as follows: "All of that lot of land situate on the north-west corner of Warren and North Carolina streets, having a front on North Carolina street of one hundred and eight (108) feet more or less, and running back on Warren street one hundred and twenty-six feet more or less, being in the limits of the old city of Mobile, and constituting the only realty of said estate."   The decree of sale of the lot by the court followed the petition.   The lot was sold at a gross sum and appellant Bromberg became the purchaser, and the administrator's deed to him conforms substantially in description to the decree and petition.   The intestate according to the bill, in fact, died seized and possessed of a front on North Carolina street of one hundred and sixty feet, running back on Warren street one hundred and twenty-six feet.   After the sale, John M. Yukers, son of intestate, ran a fence starting at a point one hundred and eight (108) feet, and cut off fifty-two feet from the premises, leaving the purchaser only one hundred

and eight feet. There is no pretense that John M. Yukers or any other person questions the regularity and validity of the proceedings in the Probate Court, nor does he claim any lands or interest sold under and by virtue of that decree. The only question of contention is whether the administrator's deed conveyed the one hundred and sixty feet, or only one hundred and eight feet. The question is one simply of construction. A court of law is as competent for this purpose as a court of equity. The amendment proposed would not have given the bill equity. Moreover the administrator has no interest in this proceeding. The pleadings show, that the purchase-money was amply sufficient to pay all the debts of the estate and if there was any realty not sold, it of right descended to and belongs to the heirs. The administrator would be a proper party in a proceeding to reform his deed, but the case made by the bill does not authorize a reformation of the deed. We hold that the decree of sale embraced all the land contained in the petition, and that the administrator's deed was sufficient to convey to the purchaser the land decreed to be sold. No fraud is charged. A chancery court cannot extend the provisions of an administrator's deed so as to include a greater interest than that authorized by the petition and decree.—*Austin v. Willis*, 90 Ala. 421.

Parties frequently acquire title to different property from different sources. The fact that an administrator has information of only a part of the realty of an estate, and refers to and describes it as all of the realty of the estate in a petition for a sale of land to pay debts, certainly would not give the court jurisdiction of that not described and not intended to be described, nor would a decree of sale following the petition, authorize a sale of more than that decreed to be sold.

The words "more or less" used in a deed of conveyance, or in a petition to sell land or decree, should be construed with reference to the particular circumstances under and in relation to which they are used. Quite a number of authorities are cited to the text in 15 Am. & Eng. Ency. 718. See also *Hodges v. Denny*, 86 Ala. 226 ; *Oakes v. Delaney*, 133 N. Y. 227.

Affirmed.