(98 South. 886)

DICKINSON v. JORDAN et al. (3 Div. 630.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. Partition ⬅️32, 33—Infant may be party in bill for partition.

An infant, properly represented, may be a party either complainant or defendant in a bill for partition.

2. Action ⬅️15—Partition is an adversary proceeding.

Partition is an adversary proceeding.

3. Infants ⬅️81—Where interests antagonistic, mother may not act as guardian or guardian ad litem of daughter in prosecuting suit.

The interest of a widow suing individually and as next friend of her minor daughter for a sale of lands which had belonged to the deceased husband and father must be assumed antagonistic to the daughter, such that the widow should not be permitted to proceed as guardian or guardian ad litem of the daughter.

4. Action ⬅️15—Appeal and error ⬅️112—Decree for sale of land held nullity because of lack of adversary parties, and therefore not appealable.

No judgment or decree can be rendered as between adversary parties, where there are no adversary parties, and where a widow and minor daughter whose interests must be assumed antagonistic joined as party complainants in a bill for a sale of lands which had belonged to the deceased husband and father, wherein no party defendant was named, a decree authorizing the sale is a nullity, and an appeal therefrom by a guardian ad litem of the minor daughter must be dismissed.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Bill in equity by Eula G. Jordan and Susan Jordan, by Eula G. Jordan as next friend, for sale of lands for reinvestment, etc. From the decree, J. A. Dickinson, as guardian ad litem, appeals. Appeal dismissed.

J. A. Dickinson, of Prattville, for appellant.

Ballard & Jones, of Prattville, for appellees.

Briefs of respective counsel are addressed to the merits of the case, and need not be here set out.

SAYRE, J. The widow of W. A. Jordan, deceased, and his minor daughter, who sued by her guardian and next friend, her mother, filed this bill for a sale of all the lands which had been owned by deceased—who died intestate—including the homestead which had been set apart to complainants. So far as concerned the interest of the minor in the homestead and in the other lands which had belonged to deceased, the prayer was for a sale for reinvestment. No party defendant was named in the bill. Appellant was appointed guardian ad litem, but did not answer the bill, nor does the record show that any defense was attempted. However, the guardian ad litem has appealed.

[1-4] An infant, properly represented, may be a party either complainant or defendant to a bill for partition. But partition is an adversary proceeding. McMath v. DeBardelaben, 75 Ala. 68. The interest of complainant Eula G. Jordan is antagonistic to that of her daughter in this proceeding; at least, the court must proceed on that assumption. Nichols v. Nichols, 67 Am. Dec. note 710. Complainant Eula G. Jordan should not be allowed to proceed with this suit as guardian or guardian ad litem for her infant daughter. Swope v. Swope, 173 Ala. 163, 55 South. 418, Ann. Cas. 1914A, 937; Dowty v. Hall, 83 Ala. 168, 3 South. 315. No judgment or decree can be rendered as between adversary parties where there are no adversary parties. The decree in this case is a nullity, and the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.