(104 So. 330)

**COGBURN et al. v. CALLIER et al.**
**(4 Div. 170.)**

(Supreme Court of Alabama. April 16, 1925.)

**1. Judgment ☞518 — Amendment to bill to quiet title, attacking decree under which defendants claimed title, held a direct attack on such decree.**

Where, in bill to quiet title, respondents set up a homestead exemption decree as their muniment of title, and thereupon complainants amended their original bill, and alleged fraud in procurement of such decree, and prayed that it be set aside, *held* that such amendment constituted a direct attack on decree, giving court jurisdiction, and placing burden of proof on complainants, and final decree thereon is conclusive.

**2. Wills ☞778—Widow has clear legal right to dissent from will of husband.**

A widow has clear legal right to dissent from will of husband and claim her homestead

exemption and other rights given her by statute, and fraud cannot be predicated on her exercise of those rights, in absence of actual fraud practiced by her on heirs at law or devisees, or on the court.

3. Homestead ⊂⊃150(1)—Evidence held to sustain finding that widow, under whom defendants claimed title, acquired property as homestead exemption without fraud.

In bill to quiet title, in which respondents claimed title as heirs at law of widow, who dissented from will of her husband, and acquired title to disputed property by decree allotting it as homestead exemption, which decree complainants attacked on ground of fraud, evidence held to sustain finding that decree allotting homestead to widow was without fraud.

4. Homestead ⊂⊃150(1)—Evidence held not to show fraud in appraisal of homestead value.

Evidence held not to show that certain attorneys practiced any fraud or deception, or unduly influenced commissioners by causing a reduction in their appraisal of homestead value of property allotted to widow as homestead exemption.

5. Judgment ⊂⊃518—Allegations of fraud in decree, contained in complainants' answer to respondents' cross-bill, constituted a collateral attack on decree.

Complainants' averments of fraud in procuring homestead allotment decree, which were made in answer to respondents' cross-bill, and not in their bill of complaint, constituted but a collateral attack on such decree, and is not available for its impeachment.

6. Homestead ⊂⊃150(1) — Independent petition for allotment of homestead must show jurisdictional facts, where there has been no administration of estate.

Where there has been no administration of the estate, and an independent petition is filed for allotment of homestead, under Code 1923, § 7948, petition must show facts prescribed by statute, which are regarded as jurisdictional, and, in absence of such showing, decree will be void on its face.

7. Homestead ⊂⊃150(1)—Petition for allotment of homestead need not show jurisdictional facts, where administration of estate is pending.

Where administration of estate is pending, a petition for allotment of homestead, under Code 1923, § 7948, need not show jurisdictional facts, for jurisdiction of probate court is complete without aid of petition for allotment, as proceeding is merely ancillary and part of court's original jurisdiction for administration of estates of decedents.

8. Homestead ⊂⊃150(1)—Homestead exemption proceedings not void because of want of qualifications in commissioners.

Want of qualifications in commissioners, and appraisal of homestead as of date of their report, instead of as of the date of decedent's death, would not render homestead exemption proceeding void, but would be available only on direct attack.

9. Infants ⊂⊃80(2)—Appointment of guardian ad litem for infant complainant, on filing of cross-bill, without summons to minor, held proper.

The appointment of guardian ad litem for infant complainant, on filing of cross-bill, without summons to minor, held proper, in view of Code 1923, § 6550.

10. Quieting title ⊂⊃30(3)—Administrator of estate of deceased widow held not necessary party in suit between devisees of deceased husband and heirs at law of deceased widow.

In bill to quiet title to homestead land, as between devisees of deceased husband on one hand, and heirs at law of widow on the other, administrator of estate of widow was not a necessary party, as it will be presumed that her real estate descended to her heirs free of any charge on them for payment of expenses. and hence free from any claim of administrator.

11. Infants ⊂⊃89—Irregularity in service on nonresident infant defendants not ground for complaint by complainants.

Defects in service of notice on nonresident infant defendants is not matter of which complainants can complain, where infants were before court and represented by properly appointed guardian ad litem, and even where no guardian ad litem is appointed, none but infants can complain.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity to quiet title to real estate by Henry Cogburn and others, and cross-bill by respondents Bessie N. Callier and others. From a decree for respondents, complainants appeal. Affirmed.

See, also, ante, p. 38, 104 So. 328.

P. B. Traweek and J. N. Ham, both of Elba, and Fleming & Yarbrough, of Enterprise, for appellants.

All persons interested must be made parties to the suit. Sims, Ch. Pr. 139, 150; Perkins v. Brierfield Co., 77 Ala. 403; Langley v. Andrews, 132 Ala. 147, 31 So. 469. Infants not having a legal guardian must defend by guardian ad litem, appointed by the court after service. Code 1923, § 5686; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann. Cas. 1914A, 937; Herring v. Ricketts, 101 Ala. 340, 13 So. 502; Cook v. Rogers, 64 Ala. 408; Rowland v. Jones, 62 Ala. 322; Wells v. Mortgage Co., 109 Ala. 430, 20 So. 136; Trawick's Heirs v. Trawick's Adm'rs, 67 Ala. 271; Hibbler v. Sprowl, 71 Ala. 50. The facts, to give the probate court jurisdiction in setting apart a homestead, must be specially alleged. Miller v. Thompson, 209 Ala. 469, 96 So. 481; Cotton v. Holloway, 96 Ala. 544, 12 So. 172; Field's Heirs v. Goldsby, 28 Ala. 225, 65 Am. Dec. 341; Brooks v. Johns, 119 Ala. 417, 24 So. 345; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Ex parte Griffith, 209 Ala. 158, 95 So. 551. On collateral attack,

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no presumption of jurisdiction is indulged. Martin v. Martin, 173 Ala. 106, 55 So. 632. As to collateral and direct attack on judgment, see Miller v. Thompson, supra. In widow's homestead petition it is essential to allege value and area. Chamblee v. Cole, supra.

W. W. Sanders, of Elba, and James J. Mayfield, of Montgomery, for appellees.

Administration of the estate pending, the probate court acquired jurisdiction for the purpose of alloting homestead to the widow. Subsequent irregularities do not vitiate the proceedings. Landford v. Dunklin, 71 Ala. 594; Miller v. Thompson, 209 Ala. 469, 96 So. 481; Coker v. Coker, 208 Ala. 354, 94 So. 566; Linnehan v. State, 116 Ala. 471, 22 So. 662; Berry v. Manning, 209 Ala. 587, 96 So. 762; Code 1923, §§ 7920, 7948; Griffin v. Griffin, 185 Ala. 198, 64 So. 350; Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L. R. A. 443; Curry v. Barnes, 200 Ala. 256, 76 So. 22. No fraud is shown. McDonald v. McAlily, 206 Ala. 105, 89 So. 198. Where trial court had evidence before it, not before appellate court, any presumption necessary will be indulged to justify the decree. Ward v. Cameron's Adm'rs, 37 Ala. 691; Wills v. Rand's Adm'rs, 41 Ala. 198; 1 Michie's Ala. Dig. 505.

SOMERVILLE, J. The original bill of complaint was filed by heirs of John A. Cogburn against the heirs of Lou A. Cogburn, his widow, now deceased, to quiet the title to certain lands that belonged to John A. Cogburn, and that were devised by him to his said widow for life, with remainder over to these complainants.

The respondents answered that the said widow seasonably dissented from said will, and took under the statutes, and that on May 18, 1920, pursuant to proceedings in the probate court, that court rendered a decree confirming a report of commissioners appointed to set aside the homestead exemption to said widow, and duly allotting to her as homestead the lands here in controversy.

The respondents show that under that report and decree the widow took a fee-simple title to her lands; and that, she dying intestate, the lands have descended to these respondents. The answer is made a cross-bill, and it exhibits copies of all of the proceedings for the probate of the will, the widow's dissent, administration, and allotment of homestead exemptions. The relief prayed is for the establishment of respondents' title, and the recovery of rents from those in possession.

After this answer and cross-bill was filed, the complainants amended their bill of complaint by adding allegations designed to impeach the decree of the probate court, allotting homestead exemptions to the widow, for fraud in its procurement; and by add-

ing a prayer for its nullification on that ground.

The allegations of fraud are, in substance, that the commissioners, after viewing the decedent's homestead, concluded that it was worth $3,000, and came to Elba and so reported their valuation to W. W. Sanders, Esq., who (it is alleged) was acting as attorney for R. M. Cogburn and these complainants; that thereupon Sanders "persuaded, advised, and influenced said commissioners to change their valuation from $3,000 to $2,000, which they accordingly did; that the homestead was in fact worth considerably more than $2,000, and but for the influence and advice of Sanders the commissioners' report would have appraised it at $3,000; and that therefore the report was fraudulently obtained, and the decree thereon was also fraudulent, in that they were obtained by the undue influence or persuasion and advice of Sanders.

[1] This amendment to the bill of complaint was unquestionably a direct attack on the decree of the probate court allotting this land as a homestead exemption to the widow, Lou A. Cogburn. Friedman v. Shamblin, 117 Ala. 454, 466, 23 So. 821; Johnson v. Johnson, 182 Ala. 376, 385, 62 So. 706. The court had jurisdiction of the controversy thus presented, and a final decree thereon will be conclusive as to that issue on the parties to this suit.

It is to be observed that the only ground of attack in the bill of complaint upon the probate decree in question is that W. W. Sanders, Esq., unduly influenced and persuaded the commissioners to change their appraisal of the homestead value from $3,000 to $2,000, which, it is conceived, infects the decree with fraud, and requires its nullification. On this issue the burden of proof was on complainants.

We have examined with critical care all of the testimony bearing on the appraisal of the homestead by the three commissioners. It appears from their testimony that they tentatively agreed upon a valuation of $3,000, but after going to the office of Mr. Sanders, and discussing the matter with him, in the presence of the widow and R. M. Cogburn, they agreed upon a valuation of $2,000, and then and there framed their report so declaring. Two of the commissioners attribute their action to suggestions made by Mr. Sanders that the basis for valuation was what the land would bring if sold to pay the decedent's indebtedness; they stated also that they understood that on such a valuation the widow would get the land. The other commissioner attributed their action to Mr. Sanders' alleged suggestion that it was customary in such cases to appraise the homestead at $2,000. One of the commissioners, Teel, stated that neither the widow, nor R. M. Cogburn, nor Mr. Sanders, made any statement, or gave any intimation, that

they desired the commissioners to appraise at $2,000.

Mr. Sanders testified that when the commissioners came to his office to make their report, no one informed him that the land was worth $3,000 or more; that he told them that in determining the value of land the inquiry would be what it was worth or what it would bring if offered to a person who wanted to buy and had the money to pay with; that they unanimously agreed on a valuation of $2,000; and that he did not directly or indirectly suggest, or influence them, in the valuations they placed upon the property of the estate.

It appears that the commissioners consulted Mr. Sanders on their own initiative, as they had a right to do; and we can see no impropriety in his stating to them, in response to their inquiry, what say he told them. We are satisfied that he did not attempt to influence or mislead them in the matter, and that their conclusion was their own, though it may have been founded in whole or in part upon his idea as to the proper basis for valuation. The imputation of either fraudulent design, or fraud infected result, is entirely unwarranted, however mistaken the commissioners may have been in their reported appraisal of the homestead.

Nor can we escape the conclusion, from the whole record before us that R. M. Cogburn the father of these complainants, and their representative and spokesman throughout, was fully informed as to the nature, purpose, and effect of the widow's dissent from the will, and of her claim for homestead exemption, and of the appraisal and report of the commissioners; that he informed these complainants thereof; and that all of them approved, if they were not actually parties to, the plan of the widow to acquire a fee-simple title to the homestead, in order that she might give effect to her deceased husband's will, then under attack, by a testamentary disposition of her own in harmony therewith. That plan, and that expectation of theirs, was defeated by the untimely death of the widow before she had made a will.

[2, 3] The widow had a clear legal right to dissent from the will of her husband, and to claim her homestead exemption and other rights given to her by statute, and fraud cannot be predicated upon her exercise of those rights, in the absence of actual fraud practiced by her on the heirs at law or devisees, or on the court. McDonald v. McAlily, 206 Ala. 105, 89 So. 198. We approve the finding of the trial court that the probate proceedings in question, including the decree allotting the homestead to the widow, Lou A. Cogburn, were without fraud, and show a valid title in her and in her heirs at law, these respondents.

[4, 5] We are satisfied, also, that the law firm of Sanders and Brunson was not employed by R. M. Cogburn to represent him, personally, or to represent the interests of his children, these complainants. Very clearly, they represented him only as administrator of Lou A. Cogburn's estate, and any service they may have seemed to be rendering to him or his children outside of that was incidental and collateral merely, and under no duty owed to them. The charge of duplicity and deception, in their conduct as counsel in the several proceedings making up the record in this cause, cannot be sustained on the evidence presented. Moreover, that charge is made only in the answer of complainants to respondents' cross-bill, and not in their bill of complaint. It constitutes, therefore, but a collateral attack on the allotment decree, and is not available for its impeachment. Friedman v. Shamblin, supra.

There is no merit in the contention that the decree allotting the homestead exemption is void on its face because the widow's petition for its allotment did not show the jurisdictional facts prescribed by section 7948 of the Code of 1923 (section 4224, Code 1907); and also because of various other alleged irregularities or deficiencies in the probate record and decree.

[6] Where there has been no administration of the estate, and an independent petition is filed for allotment of homestead under the code sections referred to, the petition must show the facts prescribed by the statute, which are regarded as jurisdictional; and, in the absence of such a showing the decree will be void on its face. Miller v. Thompson, 209 Ala. 469, 96 So. 481, 483; Chamblee v. Cole, 128 Ala. 649, 30 So. 630.

[7] But where administration is pending there is no such requirement, for the jurisdiction of the probate court is complete without the aid of a petition for allotment, the only purpose of which is to excite that jurisdiction to action. Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L. R. A. 443. In such a case the proceeding for allotment is ancillary merely, a part of the court's original jurisdiction for the administration of the estates of decedents, and, jurisdiction appearing, is not subject to collateral attack for mere irregularities. Even if this attack were made on direct appeal, the record would be sufficient to support the decree of allotment. Thompson v. Thompson, supra, 596, (8 So. 419).

This difference between an original and an ancillary proceeding for homestead allotment under these separate and distinct statutory provisions is clearly pointed out in Miller v. Thompson, and Thompson v. Thompson, supra.

[8] Several other irregularities, such as the want of qualifications in the commissioners, and appraisal of the homestead as of the date of their report instead of as of the date of the decedent's death, are charged in the briefs. The bill makes no such charges, and if it did such defects would not ren-

der the proceeding void, and would be available only on direct attack.

Appellants complain of several alleged irregularities in the procedure in the instant case: (1) That Millard Cogburn, an infant complainant, was improperly represented by R. M. Cogburn, his father, as next friend, because the latter was adversely interested; (2) that said minor complainant, as respondent to the cross-bill, was not properly represented by a guardian ad litem, because, in the absence of services of subpœna on him, such a guardian could not be properly appointed; (3) that said R. M. Cogburn was a necessary party to the cause; and (4) that two infant respondents to the original bill of complaint were not properly brought into court, and no authority was shown for the appointment of a guardian ad litem for them —wherefore the court erred, for each of these reasons, in proceeding to a final decree.

1. R. M. Cogburn was not a party to this suit, and the question of his unfitness to serve as next friend for Millard Cogburn does not arise. The case of Dickinson v. Jordan, 210 Ala. 602, 98 So. 886, cited by appellants, is a very different sort of case. Moreover, it is clear from the record that R. M. Cogburn was active and diligent in the promotion of the minor's interest throughout the litigation, and that the minor has nothing to complain of in this respect.

[9] 2. Section 6550, Code 1923 (section 3118, Code 1907), provides that "it shall not be necessary to issue a summons to any defendant in the cross-bill, except those who are not complainants in the original bill." In this case the guardian ad litem for the infant complainant was duly and properly appointed upon the filing of the cross-bill, without summons to the minor, and of it there can be no valid complaint. The cases cited by appellants relate to infant respondents to original bills, and are not in point.

[10] 3. The bill of complaint is filed to quiet the title to the homestead land. As the pleadings were framed, the issue lay between the complainants, as devisees of the decedent, John A. Cogburn, on the one hand, and the respondents, as heirs at law of the widow, on the other. The decree adjudicating the title as between these rival claimants in no way affected the status of the land with respect to the administration of the estate of Lou A. Cogburn, so far as the record shows. Conceding, without deciding that the administrator (R. M. Cogburn) would have been a proper party, he certainly was not a necessary party. We observe from the respondents' note of testimony that the administration proceedings in re the estate of Lou A. Cogburn were before the trial court, but we do not find them in this record. It will, therefore, if necessary, be presumed that the record of those proceedings showed that the decedent's real estate descended to her heirs free from any charge upon them for the payment of debts or expenses, and hence free from any claim of the administrator. In such a case it has been held that the administrator is not a proper party. Bromberg v. Yukers, 108 Ala. 577, 580, 19 So. 49.

[11] 4. If there was any defect or irregularity in the service of notice of the suit on the two nonresident infant defendants, the Martins, it is certainly not a matter of which the complainants can complain. The infants were before the court, and were represented by a guardian ad litem, appointed by the register, under an order showing by its recitals the necessity and propriety of the appointment. "Whether the guardian ad litem was properly appointed or not, is not a question in which he [they] have any interest, or as to which, if the court below committed an error, he [they] have any right to complain." Magruder v. Campbell, 40 Ala. 611. And, even where no guardian ad litem is appointed at all, none but the infant can complain. Kavanaugh v. Thompson, 16 Ala. 817, 827.

In the cases cited by counsel for appellants, the infants themselves were appealing from adverse judgments.

We have given very thorough consideration to the questions presented by this appeal, and we find no error to warrant a reversal of the decree.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.