**LEWIS et al. v. DUNLAP et al. (6 Div. 583.)**

(Supreme Court of Alabama. May 13, 1926.)

**1. Partition ⚖️12(5)—Partition may be maintained against owners of three-fourths in fee by father as owner of life estate in one-fourth and as next friend of infant son owning reversion in one-fourth, though bill seeks division of life estate in the fourth from reversion.**

Partition may be maintained against owners of three-fourths in fee by father, as owner of life estate in one-fourth and as next friend of infant son owning reversion in one-fourth as two estates constitute fee simple in one-fourth with right of possession, though bill seeks to divide life estate in the fourth from the reversion, as this does not concern respondents.

**2. Partition ⚖️12(5).**

If minor derives title to reversion in one-fourth interest under Homestead Law, he has such possessory right as enables him to maintain partition.

Appeal from Circuit Court, Cullman County; J. E. Horton, Judge.

Bill in equity by Comer Ottis Dunlap, a minor suing by his father and next friend, H. O. Dunlap, and H. O. Dunlap, against John W. Lewis, as administrator of the estate of J. C. Lewis, deceased, and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Sample & Kilpatrick, of Cullman, for appellants.

The interests of the complainants are antagonistic and cannot be joined. Chapman v. York, 208 Ala. 274, 94 So. 90; Powe v. Payne, 208 Ala. 527, 94 So. 587; Dickinson v. Jordan, 210 Ala. 602, 98 So. 886. Relief by way of carving the value of the life estate out of the minor's one-fourth interest cannot be awarded. Code 1923, § 7959; Quinn v. Campbell, 126 Ala. 280, 28 So. 676.

W. E. James, of Cullman, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1, 2] This bill is by a minor through his next friend and father, who also sues in his own behalf as well; the two claiming to own an undivided one-fourth interest in the land sought to be sold for division. The father claiming to own a life estate and the infant son the reversion, this constitutes a fee simple by a combination of their interest with a right of possession as to their one-fourth interest and which differentiates this case from that of Chapman v. York, 208 Ala. 274, 94 So. 90, and the line of authorities there cited and followed.

The bill plainly shows that these appellants own together the other three-fourths interest in the land and is not wanting in adversary parties, as in the case of Dickinson v. Jordan, 210 Ala. 602, 98 So. 886. True, the prayer of the bill seeks to carve out of the proceeds of the sale the value of the life estate of the complainant H. O. Dunlap in his son's one-fourth interest, but that is a matter with which these appellants are not concerned and which can be regulated by the court in a final distribution. Moreover, the demurrer goes to the bill as a whole. Upon either theory the complainants or the minor have such a present interest in the land as would entitle them, one or both, to a partition in kind or a sale in lieu thereof if the land cannot be equitably divided. As above set forth, their combined interest gives them the right to maintain the bill. On the other hand, if the minor derives title under the Homestead Law, he would still have such a possessory right as would enable him to maintain the bill.

The trial court did not err in overruling the demurrer to the bill as amended, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.