81 So.2d 546

**W. B. HOFFMAN**

v.

**Timmie JORDAN, pro aml et al.**

**4 Div. 794.**

Supreme Court of Alabama.

June 16, 1955.

E. C. Boswell, Geneva and C. L. Rowe, Elba, for appellant.

H. Grady Tiller, Montgomery, for appellees.

STAKELY, Justice.

On December 17, 1936, Eli M. Jordan and his wife H. P. Jordan executed a mortgage to W. B. Hoffman (appellant) to secure the sum of $82.50 on certain real estate in Geneva County, Alabama. Eli M. Jordan died intestate on February 19, 1939. Thereafter on April 28, 1941, a deed was executed by all of the heirs at law of Eli M. Jordan to W. B. Hoffman purporting to be in lieu of foreclosure of the aforesaid mortgage.

The bill in the case at bar was filed by the living children of Eli M. Jordan and the children of one deceased child, the widow having died, being all the next of kin and heirs at law of Eli M. Jordan, alleging in substance that the indebtedness secured by said mortgage had been paid and the mortgage should be cancelled and praying in the alternative that the complainants be allowed to exercise the equitable right of redemption. The bill further prayed for cancellation of the deed executed to W. B. Hoffman on April 28, 1941, on the ground that it was procured by fraud and on the ground that Timmie Jordan, one of the heirs at law of Eli M. Jordan, was a non compos mentis at the time of its execution. The bill further prayed that upon cancellation of the deed the court enter a decree ordering the property sold for division among the heirs of Eli P. Jordan, deceased, who are alleged to be joint owners or tenants in common of the property.

On October 7, 1952, the court entered a decree declaring the deed dated April 28, 1941, to be void and granting to the complainants the equitable right of redemption. The decree further ascertained and determined that the complainants were joint owners or tenants in common of the property embraced in the mortgage, fixed their respective interests in the property and ordered a sale thereof for division. The court further ordered the register to hold a reference to determine the amount, if any, which was due on the mortgage and to report back to the court.

On January 18, 1954, the court rendered a decree confirming the report of the register to which we shall later refer in greater detail. On February 24, 1954, W. B. Hoffman made a motion to amend the decree of October 7, 1952, by striking therefrom those certain provisions of the decree which declared the heirs at law of Eli M. Jordan to be the joint owners or tenants in common of the property described in the original bill and that the property could not be equitably partitioned without a sale and ordering a sale thereof and allowing the solicitor of record a reasonable attorney's fee for his services in effecting a sale of the land for division. The court on March 13, 1954, overruled and denied the motion. The appeal in this case was taken on April 7, 1954, from the decree of March 13, 1954 and from the decree of January 18, 1954.

There are 25 assignments of error made by the appellant on this appeal. The appellees have made a motion to strike assignments of error 1 to 15, inclusive, on the ground that they are predicated on the decree of October 7, 1952, and that assignments based on this decree are not available because no appeal was taken from the decree of October 7, 1952, within six months as provided by the statute. In this situation we cannot consider assignments of error based on the decree of October 7, 1952, because no appeal was taken from that decree and that decree is clearly a final decree since it ascertained and declared the rights of the parties and settled the equities and the fact that the cause remains in fieri in respect to other matters does not change

this situation. Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.

But it is seriously insisted that a part of the decree of October 7, 1952, is void and that this is apparent on the face of the decree and the court has the power and duty on motion to vacate or expunge that portion of it at any time after its rendition. Arnold v. Garrison, 255 Ala. 11, 49 So.2d 787. It is further insisted that under the principles enunciated in Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, where the court refused to vacate the void provisions of the decree, the remedy is by appeal. Therefore it is contended that we should consider as error the action of the court in overruling the motion to strike the provisions of the decree of October 7, 1952, to which reference has been made, and send the cause back to the trial court so that it can reconsider the decree of October 7, 1952. Ordinarily in answer to the contention here made we would regard it as sufficient to say that W. B. Hoffman is not in any position to question the validity of the decree ordering the land sold for division. The deed executed to him in lieu of foreclosure was declared null and void by the court with the result that the only interest, if any, which he might have in the property involved, would be as mortgagee under the mortgage made to him by Eli M. Jordan and his wife.

But we feel that we should pass on the merits of the contention here made so that no question may be left with reference to the validity of titles in this state which may be in a similar situation. The appellant has cited Dickinson v. Jordan, 210 Ala. 602, 98 So. 886, as authority for the position that a decree for sale of land for division is a nullity unless the decree is made in an adversary proceeding. It is argued that when the deed in lieu of foreclosure to W. B. Hoffman was set aside by the court, then those seeking a sale for division were all complainants and there was no respondent to question such proceedings who was a joint owner or tenant in common.

We do not consider that Dickinson v. Jordan, supra, is applicable here. In that case the widow and the minor, who were the sole heirs and next of kin of the decedent, filed a petition for sale of land for division and no one was made a respondent to the petition. In that case the court held that the mother should not be allowed to proceed with the suit as guardian or guardian ad litem for her infant daughter since her interests were antagonistic to that of the child.

In the case at bar W. B. Hoffman, Mrs. Della Hoffman, Lee Kilpatrick were all made respondents to the original bill. Mrs. Hoffman went out of the case when demurrer to the bill as to her was sustained and Lee Kilpatrick likewise went out of the case when it was ascertained in the final decree of October 7, 1952, that he had no right, title, claim or interest in or to the land involved. W. B. Hoffman continued to be the respondent in the case, fought the case to the last and claimed that he was the owner of the property in question.

The case at bar is similar to the case of Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886. Briefly the facts in that case were that Joe Z. Whitehead was administrator of the estate of James M. Whitehead, deceased. Suit was instituted by the administrator and James M. Whitehead and Charles W. Whitehead, minors, by Joe Z. Whitehead as next friend. Jessie Whitehead was the sole party respondent. The bill in substance alleged that the administration of the estate of James M. Whitehead, deceased, was pending in the Probate Court of Covington County; that the only heirs and distributees of the estate were the two minor sons, James and Charles, whose mother was dead, and who had no legal guardian; that the assets of the estate of James M. Whitehead, deceased, consisted of 400 acres of land situated in Covington County, which was owned jointly by the two minors in equal shares and that the land could not be equitably divided without a sale and that the respondent Jessie Whitehead claimed or was reputed to claim some right, title, interest or claim in the lands. She was called upon to

appear and propound or otherwise assert her claim, title, incumbrance, if any, to the land in order that the title be cleared.

It was further prayed that the court declare that Jessie Whitehead had no interest in the lands and the lands be sold for division. The court rendered a decree finding that the complainants were entitled to the relief prayed and ordered the land sold for division. Later a bill of review was filed by James and Charles Whitehead, minors, by next friend. The respondents were Joe Z. Whitehead and others. This court said: "From such of the records as are exhibited, it appears that the court had jurisdiction of the subject matter and acquired jurisdiction of the parties. The bill showed a cause of action sufficient to justify a decree ordering the lands sold for division."

 A court of equity has no original jurisdiction to sell lands for division and in Sandlin v. Anders, 210 Ala. 396, 98 So. 299, it is shown how successive statutes have enlarged the statutory limits of the jurisdiction of equity courts in such cases. An examination of §§ 186 and 189, Title 47, Code of 1940, shows no requirement in bills to sell for division that a joint owner or tenant in common be complainant and a joint owner or tenant in common be respondent. In equity it is not ordinarily a matter of substantive importance whether parties are joined as plaintiffs or defendants. The primary object is that all persons sufficiently interested be before the court so that relief may be properly adjusted among those entitled, their claims or interests fixed and all may be bound in respect thereto by a single decree. Pomeroy's Equity Jurisprudence (5th Ed.) Vol. i, p. 153. In 30 C.J.S., Equity, § 141, page 572 it is shown that in equity cases it is usually a matter of small moment whether a party appears as plaintiff or defendant so long as he is actually made a party before the court, because the court can mould its proceedings and decrees to suit the exigencies of the case and may determine the rights of the parties on either side as between themselves or the parties on the opposite side.

Upon a careful consideration we are of the opinion that the court acted correctly in overruling the motion to strike the foregoing provisions from the decree of October 7, 1952.

It results that the motion to strike assignments of error 1 through 15, inclusive, is sustained.

In the decree dated October 7, 1952, after finding that the deed executed by the complainants on April 28, 1941, to the respondent (W. B. Hoffman) was null and void, the court held that the complainants were entitled to redeem the property from the mortgage made on December 17, 1936, by Eli M. Jordan and his wife to W. B. Hoffman and the court thereupon directed the register of the court to hold a reference to ascertain and report on the following matters:

"* * * (a) The balance due on the debt, if any, by the terms of said mortgage; (b) the reasonable value of the improvements made by the respondent, if any, between the beginning of respondent's possession and August 6, 1943, the latter being the date on which he was served with a summons in this cause; (c) the reasonable value of the rent of said real property described in the original bill of complaint from date respondent went into possession of said property to the date of the reference. In ascertaining such rental value the Register will not consider the increased value resulting from improvements made by the respondent after August 6, 1943, but shall consider the rental value without the improvements. The respondent is not entitled to be reimbursed for the value of the improvements made after August 6, 1943. (d) The ad valorem taxes, state, county, and city, with lawful interest and penalties thereon, paid or caused to be paid by the respondent on all of the real property described in said mortgage aforementioned."

 The register held the reference as ordered by the court and the case came on for hearing before the court on exceptions to this report. These exceptions were overruled and the report of the register confirmed by the court in the decree entered on

March 18, 1954, to which we have referred. We, therefore, have for consideration such assignments of error as pertain to rulings of the court on exceptions to the report of the register.

In Fricke v. City of Guntersville, 254 Ala. 370, 48 So.2d 420, 422, this court said:

"It is well settled in this state that on an appeal from a decree confirming the report of the register on evidence given ore tenus before him, all reasonable presumptions will be indulged in favor of the register's decision upon questions of fact, and this court will not reverse a decree confirming said report unless clearly satisfied that the register's findings are palpably and plainly wrong. In such case, the register's decision upon the facts has the force and effect of a verdict of the jury, and a decree confirming it will not be reversed, unless the facts would require the trial court to grant a motion to set aside the verdict of the jury and to have a new trial. * * *"

See also Grand Bay Land Company v. Simpson, 207 Ala. 303, 92 So. 789.

In the case at bar W. B. Hoffman (appellant) went into possession of the land immediately after execution of the deed on April 28, 1941, and has continued since that time in possession thereof. The decree of reference charged the register to ascertain the amount of rents collected or the reasonable rents during the possession of appellant but the rents should not be increased by reason of improvements placed on the property subsequent to the date of this suit, which was August 4, 1943.

Our examination of the record indicates that the register carefully followed this ruling of the court and we find no error as to this phase of his report. American Freehold Land Mortgage Co. v. Pollard, 132 Ala. 155, 32 So. 630.

■ The appellant testified on both the main trial and on the reference before the register that he kept no books or records, had no signed checks or invoices covering the cost of any of the repairs or improvements which he claimed to have made. In the case of Alexander v. Hicks, 242 Ala. 243, 5 So.2d 781, 783, this court in dealing with rents chargeable to mortgagees in possession and quoting from 36 Am.Jur. 842, § 305, said:

"'Other courts take the view that on an accounting a mortgagee in possession will be charged not only with the rent actually received, but also with that which, with reasonable diligence, should have been received from the mortgaged premises during the period of his possession. This rule is particularly applicable where there has been bad faith, wilful default, fraud, or neglect. If the mortgagee does not keep an accurate account of the rents received, he may be charged with the fair rental value thereof.'"

We find no error in the report of the register in charging the appellant with what he found to be the fair rental value of the property.

It is seriously insisted by the appellant that he should have been allowed a greater amount for improvements made on the mortgaged property. It will be noticed, however, that the court directed the register that "in ascertaining such rental value the Register will not consider the increased value resulting from improvements made by the respondent after August 6, 1943, but shall consider the rental value without the improvements."

In Gresham v. Ware, 79 Ala. 192, the court held that the mortgagee could not recover for improvements made after suit filed and that such improvements as he made thereafter were not made in good faith, and if such improvements are made after suit filed they are made at the mortgagee's own risk. In the foregoing case the court said:

"A bona fide occupant has been defined to be 'one who not only honestly supposes himself to be vested with the true title, but is ignorant that the title is contested by any other claiming a superior right to it.'"

The court further stated:

"Knowledge, or actual notice of the adversary right, is fatal to the claim for compensation. The allowance is made on equitable grounds, and it is not equity to allow it to one who has not acted in good faith; otherwise, a mortgagor might be improved out of his property, by increasing the burden of redemption. Gordon, Rankin & Co. v. Tweedy, 74 Ala. 232, 49 Am.Rep. 813; Learned v. Corley, 43 Miss. 687; Woodhull v. Rosenthal, 61 N.Y. 382."

In concluding this discussion the court used the following language:

"Some of the improvements were erected after the filing of the bill; and the reasonable inference is, that with knowledge of complainant's adverse right, he made the improvements, relying on his being able to successfully defend against her claim. Having notice of the infirmity of his title, his opinion and belief of its superiority is not the good faith which equity requires. In such cases, an occupant makes improvements at his peril."

See also Southern Cotton Oil Co. v. Henshaw, 89 Ala. 448, 7 So. 760; Cornelius v. Bishop, 205 Ala. 503, 88 So. 592.

The suit in this case was filed on August 4, 1943, and W. B. Hoffman was served on August 6, 1943. He testified that when he built what is known as the little house and the lean-to to the old house, he knew that suit was pending and that he made these improvements in the summer of 1951. In the case of McQueen v. Whetstone, 127 Ala. 417, 30 So. 548, 552, with respect to improvements the rule was stated by this court as follows:

"The rule as to improvements on land by the mortgagee, as stated by Mr. Jones is: 'That the mortgagee will not be allowed for them further than is proper to keep the premises in necessary repair. Unreasonable improvements may be of permanent benefit to the estate; but unless made with the consent and approbation of the mortgagor, no allowance can be made for them. The mortgagee has no right to impose them upon the owner, and thereby increase the burden of redemption. The improvements will inure to the benefit of the estate upon redemption, but in the meantime, the mortgagee has the use of them.' 2 Jones, Mortg. § 1127; 15 Am. & Eng.Enc.Law, 825. 'It is unquestionably the duty of a mortgagee in possession to preserve the property in ordinary repair, and prevent it from going to waste. If he commits waste himself, he is liable for the damage suffered by the mortgagor.' Perdue v. Brooks, 85 Ala. [459,] 462, 5 So. 126. 'Reasonable expenditures for taxes, necessary repairs, and other necessary expenses incurred on account of the estate, the mortgagee is allowed to retain from the rents and profits, and it is the balance only that can be applied in extinguishment of the mortgage debt.' Keith v. McLaughlin, 114 Ala. [60,] 63, 21 So. 483, and authorities there cited. These rules will serve the purpose of a proper ascertainment of improvements, repairs and waste, should these questions arise on another reference."

We have carefully examined other features of the report of the register which were confirmed by the court under its decree of March 18, 1954, but we see no need to go into further discussion thereof.

We find no error in the action of the court in confirming the report of the register.

It results that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.