HOUSTON, Justice.
This is an appeal from a judgment of the Circuit Court of Franklin County, Alabama, ordering a sale of approximately 121 acres in Franklin County for a division of the proceeds. The plaintiffs and defendants are the only children of Felix C. Byrd, who owned the property in question at the time of his death in April 1970. Mr. Byrd died intestate and the property descended to his children as tenants in common. Four of Mr. Byrd’s children were plaintiffs; two were defendants. The defendants were Earline Byrd, non compos mentis, and her sister, Bernice Sockwell, who was appointed guardian of Earline Byrd by the Probate Court of Franklin County. The guardianship was not removed to the Circuit Court of Franklin County.
The defendants contend that the trial court’s judgment ordering the sale was erroneous for two reasons: (1) They say that *818 the probate court which grants letters of guardianship has exclusive jurisdiction of an action for partition or sale for division as to real estate of which at least one of the owners is a person of unsound mind; therefore, they say the Circuit Court of Franklin County did not have subject matter jurisdiction. (2) They argue that the trial court, to which the evidence was presented ore tenus, committed reversible error in failing to order a partition in kind.
Defendants concede that this Court has previously held that a proceeding for partition or for a sale for division of proceeds may be maintained in either the probate court or the circuit court of the county in which the land or some part of the land is situated. Finch v. Smith, 146 Ala. 644, 41 So. 819 (1906); Bozone v. Daniel, 39 So. 774 (Ala.1905) (not officially reported).
Section 35-6-20, Code 1975, provides in pertinent part: “The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common.” Section 26-4-1, Code 1975, provides that “[t]he court of probate from which the appointment of a guardian of a person of unsound mind or of a minor is derived has jurisdiction of the real estate of the ward situated in any county of the state.” Defendants contend that these two sections must be construed in pan mate-ria; and they argue that when the two sections are so construed, it is obvious that, since § 35-6-20, Code 1975, does not specifically provide that the property of a person of unsound mind can be partitioned or sold by the circuit court, while § 26-4-1, Code 1975, specifically gives such jurisdiction to the probate court in which the guardianship of the non compos mentis is pending, such a probate court has exclusive jurisdiction.
Section 26-4-1 pertains to minors and persons of unsound mind. This section does not provide that the probate court has exclusive jurisdiction. This Court has held that a minor may be made a defendant in a circuit court proceeding for partition or sale for division. See Burr v. Fox, 227 Ala. 543, 150 So. 911 (1933), which was decided after the 1896 enactment of what is now § 26-4-1. The same would apply to a person of unsound mind, unless this Court finds a compelling reason to reverse itself on this issue, which it does not. In Hoffman v. Jordan, 263 Ala. 23, 81 So.2d 546 (1955), this Court held that an incompetent, by his next friend, could file such a proceeding in the circuit court of the county in which the real estate was situated.
Partition of land at the instance of any adult tenant in common is a matter of right. If the land is not capable of an equitable division in kind, a sale for division is a matter of right, without regard to the interest of other tenants in common. Raper v. Belk, 276 Ala. 370, 162 So.2d 465 (1964). The circuit court of the county in which the land is located has subject matter jurisdiction to partition the land, or to sell the land for division of the proceeds if the complaint alleges and it is proven that a fair and equitable partition in kind cannot be made. Meador v. Meador, 255 Ala. 688, 53 So.2d 546 (1951).
The circuit court, having equity powers, can mold its proceedings and judgments to suit the exigencies of the case and to determine the rights of all parties. Hoffman v. Jordan, supra, 263 Ala. at 27, 81 So.2d at 549. Therefore, we find no compelling policy reason to curtail this jurisdiction in cases in which one of the joint owners is a non compos mentis.
There is no merit in the defendants’ first issue, though it was most competently presented.
The next issue involves the sufficiency of the evidence.
There can be no sale for division unless there is evidence that a fair and equitable partition in kind cannot be made. Raper v. Belk, supra.
The plaintiffs’ testimony showed that there were six owners of the property, who each owned an undivided one-sixth interest. The deeds to the property called for 121 acres. On a particular four-acre portion, which had substantially all of the public road frontage, there was a house, a *819 barn, a yard, and a “run-down” orchard. A particular 80-acre portion, which was at the farthest side from the public road, was timberland with a good stand of timber. The remainder of the property contained a house and a barn, “some old fields,” and timberland. Lee A. Byrd, who was 65 years old, had been familiar with the property all of his life. He testified that the property could not be divided into six separate pieces of land that would be fair to all six tenants in common. Defendant Bernice Sockwell testified that in her opinion the property could be divided equally to give “everyone a roughly equal share.”
The trial court, hearing ore tenus evidence, concluded that the property was not susceptible to equitable partition in kind among six joint owners and that a sale for division of proceeds among the parties was proper.
Indulging in the usual presumption of correctness as to the findings of the trial court on evidence presented ore tenus, we will not disturb the trial court’s judgment. Ala. Digest, Appeal and Error, Key Number 1012(1).
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.