BRADLEY, Presiding Judge.
This is a partition of land case.
Plaintiff, William F. Slay, petitioned the circuit court for sale for division of property owned jointly, as tenants in common, by him and his brother, defendant J.B. Slay. Plaintiff asks, in the alternative, for parti *25 tion of property and further claims payment of one-half of mortgage payments made by him on the jointly held property. Defendants, J.B. Slay and son Jimmie Bow-lie Slay, counterclaim for payment on hay delivered to plaintiff, allegedly unpaid. The circuit court refused sale for division and subsequently partitioned the property.
Defendants appeal, contending the trial court erred in determining that no agreement existed between the brothers to the effect that the plaintiff would make the mortgage payments and in return defendant J.B. Slay would furnish plaintiff with hay for his cattle. Defendants also contend that the trial court erred in partitioning the property in the manner ordered. Defendants’ last contention is that the trial court’s partition of the land in question denied them access to their part of the land.
Plaintiff, William Slay, and brother, J.B. Slay, acquired title to the four hundred and forty acre property by deed from Louise K. Delony in April 1968. J.B. Slay made the initial down payment of $5,680. A mortgage was executed to Louise K. Delony in the amount of $15,000 on which both brothers were obligated. Upon agreement, William Slay made the monthly mortgage payments until the mortgage amount had been reduced by $5,680, which amount equalled the down payment. The reduction of the mortgage was reached on October 9, 1975, at which time both parties commenced to make joint payments. The joint payments ended on October 9, 1976, at which time the balance due on the mortgage was $8,562.50. William Slay has made all subsequent payments on the mortgage.
In April 1983 J.B. Slay conveyed his interest in the jointly held property to his son, Jimmie Bowlie Slay, who was made a party to the suit for sale for division. Jimmie Bowlie Slay has never made mortgage payments, nor does the conveyance obligate him on said mortgage.
Record evidence reveals conflicting testimony regarding oral agreements allegedly made between the brothers as to who should make the mortgage payments and when the payments should be made. J.B. Slay contends that William Slay was to continue to make the mortgage payments in exchange for J.B. Slay’s supplying all of the hay needs of William Slay. The court determined from the evidence that no such agreement was made and that the hay was supplied to William in exchange for his help in planting and harvesting the hay. Where the court conducts a hearing without the aid of a jury, its judgment will be presumed correct and will not be set aside absent a finding that the judgment is unsupported by the evidence or is plainly or palpably wrong. Sanford v. Sanford, 355 So.2d 365 (Ala.1978). Based on the evidence before the court, we cannot say that its decision is plainly or palpably wrong.
Defendants’ second issue is that the trial court erred in partitioning the property in the manner ordered, which was different from the alleged agreement contemplated by the parties. Record evidence again reveals conflicting testimony regarding what the parties originally contemplated. J.B. Slay claims an agreement existed to divide the land, with the east two hundred acres going to himself and the west two hundred and forty acres going to his brother, William. William Slay claims that no such agreement was made with his brother and only a future division was contemplated without regard to particular acreage.
The trial court ordered partition of the property based on an equitable division stemming from the testimony and evidence presented at trial, the stipulations of the parties, and the court’s physical investigation of subject land. The court further ordered payment of $5,460.23 by J.B. Slay for past unpaid mortgage payments and ordered him to pay one-half of future mortgage payments.
In review of an ore tenus case dealing with the partition of land, the appellate court will not substitute its judgment for that of the trial court. In review, we will sustain the trial court’s conclusions and will not disturb them on appeal unless they are palpably erroneous or manifestly unjust. Sockwell v. Hyde, 503 So.2d 817 (Ala.1986).
*26 Again, we do not find the trial court’s partition of the land in question to be unsupported by the evidence or that it is plainly and palpably wrong.
Defendants’ third issue, contending the trial court erred in partitioning the land so as to leave them without access to their part of the property, was presented without citing authority for the proposition presented. Under Rule 28, Alabama Rules of Appellate Procedure, the brief is insufficient. Failure to cite any authority precludes us from considering the issue presented. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985); Rule 28(a)(5), A.R. A.P.
The trial court’s judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.