(84 South. 808)

COMMERCIAL SAVINGS BANK & TRUST CO. v. A. Z. BAILEY GROCERY CO. et al.  (8 Div. 209.)

(Supreme Court of Alabama.  Dec. 18, 1919.)

APPEAL AND ERROR &#8277;78(2)—ORDER STRIKING AFFIDAVIT OF DEFENDANT FOR INTERPLEADER A FINAL JUDGMENT AS AGAINST HIM.

Order of trial court, striking the affidavit of defendant for interpleader, held a final judgment as against defendant for purposes of his appeal therefrom.

Sayre, J., dissenting.

Certiorari to Court of Appeals.

Action by the Commercial Savings Bank & Trust Company against the A. Z. Bailey Grocery Company and others, in which H. C. Schrader Company was interpleaded. From order striking plea of interpleader, and discharging the H. C. Schrader Company, plaintiff appealed to the Court of Appeals, which dismissed the appeal on motion (83 South. 11), and plaintiff applies for certiorari. Writ granted, and judgment reversed and remanded.

E. C. Nix and G. O. Chenault, both of Albany, for appellant. The statute of interpleader entitled to a liberal construction. 23 Cyc. 36; 36 Cyc. 813. The judgment as to the Schrader Company was final. 19 Cyc. 532; 3 Corpus Juris, 493; 23 Cyc. 35.

Eyster & Eyster, of Albany, and E. W. Godbey, of Decatur, for appellee. The statute controls appeals. Sections 2837, 2838, 2839 et seq. The judgment in this case was not final. 79 Ala. 287; 15 Ala. App. 647, 74 South. 749; 81 South. 179.

SAYRE, J. The court holds that the order of the trial court striking the affidavit of petitioner (defendant in the trial court) for an interpleader is a final judgment as against the defendant, who took an appeal to the Court of Appeals, and therefore that the Court of Appeals committed error in dismissing the appeal on the ground that there was no final judgment to support an appeal.

The writer does not concur. This is a proceeding in a court of law. There is no statute authorizing an appeal in cases of this particular kind. The right of appeal depends upon the general statute, section 2847 of the Code, which provides that an appeal will lie from any final judgment. The question as to the finality of this order is to be determined on common-law principles. According to that law, if the judgment does not dispose of the whole case on its merits, it is not final. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; 1 Mich. Dig. p. 303, § 66. I think that the order in this case did nothing more than might have been accomplished by an adverse ruling on any other defensive pleading; it left the original parties to litigate the suit to an end and with the right of review upon a final judgment disposing of the whole case between them. So, whatever may have been the merit or demerit of defendant's interpleader, there was, as to defendant at least, no final judgment, no appealable order.

The judgment of the court is that the judgment of the Court of Appeals be reversed, and that the cause be remanded to that court for further proceedings.

All the Justices concur, except SAYRE, J., who dissents, and BROWN, J., not sitting.