91 So.2d 686

**Louis B. MOODY**

v.

**Irvin F. MYERS.**

**6 Div. 57.**

Supreme Court of Alabama.

Nov. 1, 1956.

Rehearing Denied Jan. 10, 1957.

Percy B. Watkins, Birmingham, for appellant.

Johnson & Randall, Oneonta, for appellee.

PER CURIAM.

This is an appeal by respondent from a final decree in equity, dated and filed April 27, 1956. There had been another final decree dated January 21, 1956, which dissolved a partnership between complainant and respondent, dismissed the cross-bill of respondent, and referred the cause to the register (later a special master was substituted) to state an account between the parties as such partners, also to find and report the amount of a reasonable attorneys' fee for the services of complainant's attorneys in this case.

The special master made his report, and found there were no debts outstanding by the partnership; that respondent had in his possession cash belonging to the partnership in the sum of $3,765.44 and other property of the value of $8,000; that complainant and respondent each had an equal interest in those assets, and that complainant was entitled to recover of respondent an amount equal to one-half of the cash—$1,882.72—together with interest from December 5, 1951 when he was excluded from the business by respondent; also the sum of $4,000, being half the value of the other assets in possession of respondent, with interest from said date. The master also found that a reasonable attorneys' fee for "representing complainant in this case would be $1,000.-00".

Respondent made a motion to strike the report and excepted to it. The court, on April 17, 1956, overruled and denied that motion. The cause was submitted and a decree rendered on April 27, 1956 which ratified and confirmed the report of the master, and in the same decree it was ordered and adjudged that complainant have and recover of respondent $7,402.32, being one-half of $3,765.44 (or $1882.72) with interest of $486.27, and $4,000, being the value of one-half interest in the other property with interest on it; and further reciting that appellant is not entitled to claim any of his personal property exempt to him under the laws of Alabama. The court also decreed a lien on said personal property as security. Under the decree the respondent was given thirty days in which to pay the amount of the judgment and in default of such payment the register was directed to issue a writ of possession or seizure of said property with direction to the sheriff to sell it at public outcry after giving notice, etc., and to make return to the court of the sale, and the register was directed to hold the proceeds subject to an order of distribution. It was further ordered that if the proceeds were not sufficient to pay the amount decreed, execution should issue for the collection of any deficiency. That decree was dated and filed April 27, 1956. We find in the decree no judgment for attorneys' fee.

■ There was an answer and cross-bill filed January 14, 1952, which sought an attorneys' fee for respondent, the payment of a certain named claim against the partnership, a dissolution of the partnership, and general relief. There was a demurrer to the cross-bill and its various aspects. The court sustained the demurrer and expressed the opinion that all the matters contained in the cross-bill could be fully disposed of on the original bill. We here note that the amendment of Equity Rule 26, Code 1940, Tit. 7 Appendix (see pocket part Code) was made subsequent to the ruling on the demurrer. Consistent with Rule 26 as it then appeared the reason assigned by the judge was a good one, and the decree properly sustained the demurrer for that reason.

■ There are various amendments to the cross-bill, but they do not change its purpose or theory. A demurrer was sustained to it after each amendment, but for the reason stated there was no reversible error. Finally there was an amendment to the cross-bill offering to do equity. The demurrers were reassigned. There was no ruling on the demurrer nor answer to the cross-bill nor decree pro confesso. Appellant insists that it was reversible error to render a final decree when the cross-bill was not at issue. That is not always reversible error, for when the cross-bill presents substantially what is already before

the court and the trial proceeds by all parties as if the cause were at regular issue the failure to answer the amended cross-bill will not work a reversal. Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369.

■ From this time on through tne trial to the final decrees as rendered, the record indicates that respondent was not represented by counsel except for the one purpose of making a motion to strike the master's report and exceptions to it. At the time of the submission for final decree on January 21, 1956 respondent does not appear to have been represented by counsel, but no question was raised by him as to that. The court had previously made an order requiring submission for final decree on or before November 10, 1955. Respondent took no steps to vacate the order or to be allowed further time to obtain counsel. The decree of January 21, 1956 recites that the cause is submitted for final decree on the bill, the answer of respondent and the answer of complainant to the cross-bill (there was no such answer), and the testimony as noted and filed in the cause. The record does not indicate that the witnesses were examined in court in the presence of the presiding judge. Complainant's counsel noted his evidence. There was no note of evidence for respondent. The result is as though the decree was rendered without any evidence offered by respondent. Equity Rule 57 as amended, pocket part Code; Capps v. Norden, 261 Ala. 676, 75 So.2d 915(10), on page 919, and cases cited.

■ The first "final" decree rendered January 21, 1956 is assigned as error in its various aspects. There may be more than one final decree when properly classified. It may be final though other proceedings must follow leading to further decrees. An appeal is available from the last one and the others are assignable as error. 2 Ala. Dig., Appeal and Error, ⬤⇒80(1–6), p. 516, et seq. Therefore, the assignments referable to the decree of January 21, 1956 are available.

■■ There was no error in that decree dissolving the partnership. There was no time fixed by the contract for its continuance. Title 43, section 33, Code of 1940; Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407. There was no error in it dismissing the cross-bill. A demurrer had been sustained to the cross-bill except as last amended, and that amendment served no useful purpose. It was therefore properly referred to a special master to state the accounts between the parties with a view of finally settling the affairs of the partnership. Hunter v. Parkman, 259 Ala. 596, 67 So.2d 797.

The final decree of April 27, 1956 confirmed the master's report, rendered a personal decree conforming to such report except that no provision was made for attorneys' fee for complainant's counsel. Complainant is not here complaining of that failure.

■ The personal judgment against respondent also declared a lien on the "mining, machinery and equipment as security for the payment of this decree or judgment". That means such machinery and equipment as respondent had in his possession belonging to the partnership. It was within the power of the court to declare such a lien. Donelson v. Posey, 13 Ala. 752; Warren v. Taylor, 60 Ala. 218; Willbanks v. Rogers, Tex.Civ.App., 228 S. W. 265; 68 C.J.S., Partnership, §§ 398, 445, pp. 914 and 1001, notes 31 to 33. We find no abuse of such power. The finding of the master as to the amount of the partnership assets in possession of respondent and their value is supported by evidence and should not be disturbed.

■ As we have shown the judgment against appellant provided that he had no right to claim an exemption of personal property against its collection. Why this was limited to personal property does not appear since it is not based upon a waiver of exemptions by stipulation as authorized by section 707 (for personal property) or section 708 (for homestead), Title 7, Code.

■ We find no authority to make a declaration in a judgment or decree, with

respect to the availability of exemptions, when the complaint does not contain an allegation that there was a waiver of exemptions. Section 709, Title 7, Code. To support a judgment to that effect an issue must be made. Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123. The judgment must respond to the issues. The entry as to exemptions in this case is without an issue to that effect, not to say that such an issue could thus be made. It is not the custom to declare in the judgment that no exemptions are available against its collection on account of the nature of the claim. The merits of that feature of the decree are not in any respect now considered.

We think the final decree of April 27, 1956 should be modified so as to eliminate the provision that appellant is not entitled to claim any of his personal property exempt to him under the laws of Alabama. The decree should be affirmed as thus modified.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed as modified.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.