255 So.2d 592

Harry LABOVITZ et al.

v.

**GULF AMERICAN FIRE AND CAS-UALTY COMPANY.**

3 Div. 43, 3 Div. 43–A.

Court of Civil Appeals of Alabama.

Dec. 8, 1971.

Richard H. Gill, Fred S. Ball, Calvin Whitesell, Montgomery, for appellants.

Rushton, Stakely, Johnston & Garrett, and Jesse M. Williams, III, Montgomery, for appellee.

**414**

THAGARD, Presiding Judge.

These are consolidated appeals from two decrees rendered by the Circuit Court of Montgomery County in cases therein docketed as 37811 and 37812.

In the fall of 1969, a real estate agency in Montgomery, Alabama, called the Chambless Agency, Inc., became insolvent, and four clients whose properties were managed by the agency brought suit and obtained judgments against the agency. Those four judgment creditors; namely, Harry Labovitz, McCall Revercomb, Rich-ard A. Ball, and Wesley and Marvin Wade, brought this appeal.

Pursuant to Tit. 46, § 311(5), the agency, with appellee Gulf American as surety, had on file with the State Real Estate Commission a broker's license bond in the amount of $2,000.00.

Appellants hereinabove named had obtained judgments against the agency in amounts that totaled $3,798.67 plus the costs in the four cases. The four judgment-claimants made demand on Gulf American for payment; were refused, and then brought suits on the bond.

After the suits were filed against Gulf American, it filed a Bill of Interpleader naming as respondents these appellants and some twenty-four other potential creditors who had never sued the bond principal or the surety. Over objection by the judgment creditors the trial court rendered a decree on July 13, 1970, permitting appellee to proceed with its interpleader action, reciting that the complainant had already paid into court the sum of $2,000.00, being the full amount of the bond, and releasing the complainant from further liability, but specifically reserving jurisdiction of all other questions.

Subsequently, on August 12, 1970, the court rendered a decree determining that the four judgment creditors were entitled to share in the proceeds of the bond paid into court and that the other respondents were not entitled to share in the funds. Again, the court reserved jurisdiction for the purpose of later determining the question of the allowance of attorney's fees and costs to appellee and the amounts to which each judgment creditor was entitled.

The decree awarding appellee an attorney's fee of $100.00 and the court costs in the interpleader proceeding and allotting the remaining funds among the four judgment creditors, and enjoining them from proceeding further against appellee were rendered on September 9, 1970. From this decree the four judgment creditors perfected this appeal. According to the record,

notice of this appeal was served on appellee but not on the other respondents to the Bill of Interpleader.

It should be mentioned here that the four judgment creditors filed answers and cross-bills to the Bill of Interpleader, setting up their respective claims but denying that this was a proper case for Interpleader; a disclaimer was filed by one respondent; claims not supported by judgments were filed by five respondents and decrees *pro confesso* were taken against the remaining respondents who made no appearances in the cause. None of the respondents who filed claims not supported by judgments and none of the respondents against whom decrees *pro confesso* were issued joined in the appeal or filed cross-appeals.

■ Oral arguments were requested and this court set October 12, 1971, as the day upon which the same were to be heard. One day previously on, to-wit: October 11, 1971, appellee filed a motion to dismiss the appeal and mailed copies of the motion to the respective attorneys for the several appellants. The grounds of the motion to dismiss the appeal are predicated on the failure of the Register to give notice of the taking of the appeal to the other respondents to the Bill of Interpleader as required by Tit. 7, § 804, 1940 Code of Alabama (Recomp. 1958).

On the day fixed for the oral arguments, the attorney, Honorable Richard H. Gill, who had prepared to present the oral arguments for the position of all of the appellants, was unable to attend the session of this court because earlier in the morning he had attended a session of another court in Montgomery, the judge of which refused to release him for the necessary hour to attend the hearing in this court.

We have before us excellent briefs in support of and opposed to the motion to dismiss, as well as on the merits. We think the statements of the respective parties in their briefs are sufficient to enable us to dispose of the motion. Attorneys for appellee make these candid statements in their brief:

"Motion to Dismiss the appeal has been held to be the proper means of raising this defect. It must, however, be filed and notice served on Appellant *prior to submission.* . . . (Emphasis theirs)

"When was this case submitted? When oral argument is requested, the submission is not until conclusion of oral argument. Although notice was mailed to Appellants the day before, Appellee was prepared to personally serve a copy of said motion on Appellant's attorney at the oral argument. Since no oral argument was held and since Appellant was not present, this was not done. However, the notice by mail was sufficient, *if in fact received by Appellant prior to submission.*" (Emphasis ours)

Now, we quote from appellants' brief: "This motion was not served on appellants until after the scheduled time for argument. Prior to the filing of this motion, appellee had maintained that there was no error in the record. It now asserts that there is error in the failure of the Register to serve notice of appeal on the crowd of respondents below who were named by appellee to serve its own convenience, . . ."

In the absence of evidence to the contrary, we give full credence to the statement of appellant that the motion was not served until after the scheduled time for argument. Furthermore, we do not see that the respondents not given notice will suffer any damage as a result. Those who made appearance and filed claims evidently knew of the appeals and those who did not file claims evidently did not wish to engage in an exercise in futility. The motion to dismiss the appeal on the grounds assigned is denied.

Appellants assign five errors, viz.:

"1. The trial Court erred in ruling that the action could properly be maintained as a bill of interpleader.

"2. The trial Court erred in awarding a fee to complainant's counsel out of the funds paid into Court.

"3. The trial Court erred in ordering the costs of these proceedings to be paid out of the funds paid into Court.

"4. The trial Court erred in not granting respondents the relief sought under their cross bills in these causes.

"5. The trial Court erred in not striking the bill of interpleader."

As above recited, the court rendered three decrees, the first dated July 13, 1970, the second dated August 12, 1970, and the third dated September 9, 1970.

The first decree decided the issue raised by appellants' cross-bills that this was not a proper case for Interpleader against appellants and in favor of appellee and further provided that appellee, having paid the full amount of the bond into court, was discharged of all liability as surety on the bond of its principal, The Chambless Agency, Inc. This decree concluded: "All other questions are reserved."

The next decree, dated August 12, 1970, determined that only the judgment creditors (appellants here) were entitled to participate in the proceeds of the bond, and that the non-judgment creditors were not entitled to share in the funds theretofore paid into court. In this decree also the court expressly reserved jurisdiction for the purpose of determining the question of the allowance to appellee of attorney's fees and court costs from the fund paid into court and for determining the amount to which each judgment creditor was entitled.

The third decree, dated September 9, 1970, awarded appellee an attorney's fee of $100.00; taxed the court costs against the common fund; determined the amount to which each judgment creditor was entitled and ordered the Register to distribute the funds accordingly.

The appeal, taken on March 2, 1971, was from the decree dated September 9, 1970.

■ Appellee argues that since the appeal was taken more than six months after the rendition of the decree dated July 13, 1970, we should not consider Assignments of Error 1, 4, and 5, hereinabove quoted, on this appeal, and cites as its authority Womack v. First National Bank of Guntersville, 269 Ala. 411, 113 So.2d 194, in which it was held that a decree denying or allowing a petition for interpleader is a final decree that will support an appeal. The *Womack* case, supra, cited Commercial Savings Bank & Trust Co. v. A. Z. Bailey Grocery Co., 203 Ala. 522, 84 So. 808; Pratt v. First National Bank of Fayette, 243 Ala. 257, 9 So.2d 744; and Perdue v. State National Bank, 254 Ala. 80, 47 So.2d 261, as applicable authorities.

After having examined the opinion in *Womack,* supra, and also a number of Alabama decisions dealing with what are final decrees, and what is the effect if more than six months have elapsed since the rendering of earlier final decrees in the same case, we have concluded that there is merit in appellee's contention.

In Moody v. Myers, 265 Ala. 435, 91 So.2d 686, it was said:

"The first 'final' decree rendered January 21, 1956 is assigned as error in its various aspects. There may be more than one final decree when properly classified. It may be final though other proceedings must follow leading to further decrees. An·appeal is available from the last one and the others are assignable as error. 2 Ala.Dig., Appeal and Error, . . . Therefore, the assignments referable to the decree of January 21, 1956 are available." (265 Ala. at page 438, 91 So.2d at page 688.)

However, it is to be noted in the *Moody* case, supra, decided November 1, 1956, that the appeal from the final "final" decree rendered on April 27, 1956, was taken on May 25, 1956 (See a later case styled Moody v. Myers, 268 Ala. 177, 105 So.2d 54, decided by the Supreme Court on August 28, 1958, for verification of this fact.),

which was well within the six months period after the rendering of the first "final" decree on January 21, 1956. We believe the fact that the appeal from the second and last "final" decree was taken before the expiration of six months from the date of the first "final" decree accounts for the court saying, "An appeal is available from the last one and the others are assignable as error."

In the second Moody v. Myers case, supra, decided on August 28, 1958, and involving different issues and relief from those of the first Moody v. Myers case, supra, the complainant sought the setting aside of a deed to the wife of Louis B. Moody allegedly executed by him to avoid a judgment against him and in favor of Myers, awarded in the first suit between the parties in which the decision of the Supreme Court was released on November 1, 1956. In the latest Moody v. Myers case, supra, Justice Goodwyn wrote that a final decree "settling the equities and determining the rights of the parties was rendered on July 8, 1957." In the same opinion Justice Goodwyn wrote further, as follows:

"The decree confirming the report of sale was rendered on October 22, 1957. The appeal now before us was taken from that decree on April 22, 1958. No appeal was taken from the final decree rendered on July 8, 1957, granting relief to complainant and ordering sale of the land to satisfy said decree. The question, then, is whether we can consider any assignment of error addressed to the July 8, 1957, decree. What was said in Hoffman v. Jordan, 263 Ala. 23, 25, 81 So.2d 546, 548, is determinative of that point, viz.:

"'There are 25 assignments of error made by the appellant on this appeal. The appellees have made a motion to strike assignments of error 1 to 15, inclusive, on the ground that they are predicated on the decree of October 7, 1952, and that assignments based on this decree are not available because no appeal was taken from the decree of October 7, 1952, within six months as provided by the statute. In this situation we cannot consider assignments of error based on the decree of October 7, 1952, because no appeal was taken from that decree and that decree is clearly a final decree since it ascertained and declared the rights of the parties and settled the equities and the fact that the cause remains in fieri in respect to other matters does not change this situation. Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.'

"In Staley v. International Agr. Corporation, 239 Ala. 98, 101, 194 So. 168, 171, a 'final' decree was rendered on August 30, 1938. That decree provided for a reference to the register. Another 'final' decree was rendered on November 12, 1938, and amended on December 12, 1938, confirming the register's report. An appeal was taken on May 2, 1939, from the November 12, 1938, decree, as amended. Thus, it is to be noted that the appeal was taken more than six months (Code 1940, Tit. 7, § 788) after the August 30, 1938, decree. In holding that said decree was not reviewable this court, through Knight, J., had this to say:

"'It is obvious that the decree entered in the cause on August 30, 1938, was such a final decree as would have supported an appeal. This decree settled the equities of the parties and the principles on which the relief was granted, and it was, therefore, a final decree, although it ordered an account to be taken, and other proceedings to be had, to carry it into effect. No appeal having been taken from that decree within six months from its rendition, matters pertaining to the equities settled by that decree cannot be reviewed on the present appeal entered after the bar had been perfected as to the first final decree. (Citations omitted)'

"The appeal in Moody v. Myers, 265 Ala. 435, 91 So.2d 686, was taken on May 25, 1956, from the decree of April 27, 1956.

**418**

The first 'final' decree there dealt with was rendered on January 21, 1956, which was within six months of the time of taking the appeal. In the case now before us the first 'final' decree sought to be reviewed was rendered more than six months prior to taking the appeal from the second 'final' decree. 'No assignments of error can be made upon a decree * * * which is barred.' Foley v. Leva, 101 Ala. 395, 399, 13 So. 747, 749. Cf. Comer v. Limbaugh, 256 Ala. 655, 660, 57 So.2d 72.

"There are 20 assignments of error, the first 14 of which are addressed to the decree of July 8, 1957. It follows, from what we have said, that we cannot consider those assignments." (268 Ala. at pages 178 and 179, 105 So.2d at page 55)

We are clear to the conclusion that the first decree rendered by the distinguished trial judge dated July 13, 1970, was final in that it settled the equities and defined the rights of complainant as against those respondents and that it also discharged and released the complainant from further liability. It did "reserve all other questions", but the only other question left as between complainant and these appellants was the question of the allowance of an attorney's fee to appellee and the taxation of costs, which questions were left to the sound discretion of the court by the holding that the Bill of Interpleader was allowed. Equity Rule 36. We must add here that appellee, in its Bill of Interpleader, had asked for an attorney's fee and costs from the fund paid into court, otherwise under Rule 36 the same could not have been allowed by the trial court.

We hold, therefore, that the appeal from the final "final" decree dated September 9, 1970, came too late to adversely affect the decrees dated July 13, 1970, and August 12, 1970, and that we cannot consider Assignments of Error 1, 4, and 5.

■ Also, since the Bill of Interpleader was upheld in a decree which has ripened into finality by the failure of appellants to bring a timely appeal, the questions raised in Assignments of Error 2 and 3, as to the award of an attorney's fee and the taxation of costs, were brought into the discretion of the court by the decree dated July 13, 1970, we hold that there is no merit in Assignments of Error 2 and 3. Equity Rule 36. Appellants do not claim that the attorney's fee was excessive or that the trial judge abused his discretion in the amount at which the fee was fixed or in the taxation of costs.

We have written this opinion as if we were reviewing only one case. However, since there was a consolidation of two appeals, in both of which the issues were identical, what we have said here is applicable to both cases; that is, cases docketed in this court as 3 Div. 43 and 43–A. The judgment of the trial court in both cases is

Affirmed.