266 So.2d 752

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the Bank of Pine Apple, a corporation**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a corporation.**

2 Div. 534.

Supreme Court of Alabama.

Aug. 17, 1972.

Rehearing Denied Sept. 28, 1972.

Richard H. Gill and Albert W. Copeland, Montgomery, for Federal Deposit Ins. Corp., appellant.

**194**

Crenshaw & Waller, Montgomery, for appellee.

Richard C. Belser, Montgomery, for Citizens & Southern Natl. Bank, amicus curiae.

Lyndol Bolton, Sylacauga, for W. S. Perryman, amicus curiae.

Robert B. Stewart, Montgomery, for Montgomery Production Credit Assn., amicus curiae.

Pitts, Pitts & Thompson, Selma, for Earl McNeill and Pete Jones, amicus curiae.

PER CURIAM.

This is an appeal by Federal Deposit Insurance Corporation, as Receiver of the Bank of Pine Apple, a Corporation, from a decree of the Circuit Court of Wilcox County, in Equity, rendered on October 10, 1969. The appeal was taken on January 28, 1970, and submission here was on November 23, 1971, on motion and on merits.

### Motion

Appellee, the Equitable Life Assurance Society of the United States, a corporation, hereinafter referred to as Equitable, filed its motion on August 19, 1971, to strike each of the ten assignments of error made by appellant, Federal Deposit Insurance Corporation, a corporation, hereinafter usually referred to as F.D.I.C.

The grounds of the motion to strike the assignments of error take the point, in substance, that none of the assignments challenge the decree from which the appeal is taken; that each of the assignments attacks a decree rendered in the proceedings on September 19, 1968, which Equitable contends was a final decree and from which an appeal was taken to this court by F.D.I.C., which appeal was dismissed by this court.

■ This court takes judicial notice or has judicial knowledge of contents of its records with reference to its previous consideration of litigation presently before it. Holz v. Lyles, 287 Ala. 280, 251 So.2d 583; Merchants Nat. Bank of Mobile v. Morris, 273 Ala. 117, 136 So.2d 193; Frazer v. First Nat. Bank, 235 Ala. 252, 178 So. 441; Alabama Water Co. v. City of Anniston, 227 Ala. 579, 151 So. 457; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399; Wade v. Kay, 210 Ala. 122, 97 So. 129.

The records of this court show that on January 17, 1969, F.D.I.C. filed with the Register of the Circuit Court of Wilcox County, in Equity, its appeal bond to secure costs of its appeal to this court from "the decree rendered in the above-styled cause on the 19th day of September, 1968."

The cause was styled:

"THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A CORPORATION, ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW YORK,

COMPLAINANT

VS.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Bank of Pine Apple, et al,

RESPONDENTS

IN THE CIRCUIT COURT OF WILCOX COUNTY, ALABAMA, IN EQUITY. NO. 311

The appeal bond was approved on the day it was filed. The taking of the appeal was perfected upon the filing of a good and sufficient surety for costs of appeal.—Ralston Purina Co. v. Pierce, 265 Ala. 365, 90 So.2d 922; Jones v. Kendrick Realty Co., 286 Ala. 435, 241 So.2d 107.

The certificate of appeal was filed in this court on May 19, 1969. On the same day that the certificate of appeal was filed, Equitable filed in this court its "Motion to Dismiss Appeal," averring in part as follows:

" . . . (1) The appeal in this equity case was taken and perfected by the Appellant, Federal Deposit Insurance Corporation, as Receiver of the Bank of Pine Apple, a Corporation, on January 17, 1969, and said Appellant has failed to file a transcript with the clerk of this court within 60 days as required by Rule 37 of the Rules of Practice in the Supreme Court. No order has been made or entered by the trial judge extending the time for filing transcript of the record in this Honorable Court, and more than 90 days have elapsed from and after the taking of the appeal without there having been made any application to the trial judge for an order extending the time for filing the transcript of the record in this Honorable Court or a ruling thereon."

The motion to dismiss the appeal was accompanied by a number of affidavits, all of which were to the effect that both judges of the Fourth Judicial Circuit of Alabama were available to members of the Bar for the handling of legal matters arising in the circuit; that during the period from January 17, 1969, to April 18, 1969, the Presiding Judge of the circuit, Honorable L. S. Moore, was not contacted by any member of the law firm which represented F.D.I.C. in the proceedings; that if either the Associate Judge or the Presiding Judge had been contacted about the matter of extending the time for filing the transcript of the record in the Supreme Court of Alabama, either could have acted on such application. The affidavit executed by the Honorable L. S. Moore, the then Presiding Judge of the circuit, contained the following statement:

"In fact, during the period from March 18, 1969, to April 18, 1969, both Judge Hare and I were available to handle any such application had one been prepared and submitted or presented to us. There is no reason why any attorney who needed an order from either me or Judge Hare to extend the time for filing the transcript in the Supreme Court in said case should not have presented an

application to us and obtained an order thereon."

On June 11, 1969, this court granted Equitable's "Motion to Dismiss Appeal" and an order to that effect was rendered and entered.

■ F.D.I.C.'s failure to properly present its appeal to this court, which resulted in the decree of dismissal, left it in the same position as if no appeal had been taken.

■ This court has held, in effect, that assignments of error cannot be considered on an appeal from one decree which are based on rulings made on a previously entered final decree from which no appeal was timely perfected, which final decree settled the matters about which the assignments complain. Staley v. International Agr. Corp., 239 Ala. 98, 194 So. 168; Hoffman v. Jordan, 263 Ala. 23, 81 So.2d 546; Moody v. Myers, 268 Ala. 177, 105 So.2d 54.

Appellant F.D.I.C. relies upon Moody v. Myers, 265 Ala. 435, 91 So.2d 686, wherein it was said:

"The first 'final' decree rendered January 21, 1956 is assigned as error in its various aspects. There may be more than one final decree when properly classified. It may be final though other proceedings must follow leading to further decrees. An appeal is available from the last one and the others are assignable as error. 2 Ala.Dig., Appeal and Error, Key 80(1–6), p. 516, et seq. Therefore, the assignments referable to the decree of January 1, 1956 are available." (265 Ala. 438, 91 So.2d, 688).

But in Moody v. Myers, 265 Ala. 435, 91 So.2d 686, the taking of the appeal from the second "final" decree occurred within the time prescribed for the taking of an appeal from the first "final" decree. Where such is not the case, the holding in that case relative to the right to assign as error on appeal from the second "final" decree the holdings in the first "final" decree is

not apposite, as pointed out in Moody v. Myers, 268 Ala. 177, 105 So.2d 54, wherein the late Mr. Justice Goodwyn, for the court, wrote:

"The appeal in Moody v. Myers, 265 Ala. 435, 91 So.2d 686, was taken on May 25, 1956, from the decree of April 27, 1956. The first 'final' decree there dealt with was rendered on January 21, 1956, which was within six months of the time of taking the appeal. In the case now before us the first 'final' decree sought to be reviewed was rendered more than six months prior to taking the appeal from the second 'final' decree. 'No assignments of error can be made upon a decree * * * which is barred.' Foley v. Leva, 101 Ala. 395, 399, 13 So. 747, 749. Cf. Comer v. Limbaugh, 256 Ala. 655, 660, 57 So.2d 72.

"There are 20 assignments of error, the first 14 of which are addressed to the decree of July 8, 1957. It follows, from what we have said, that we cannot consider those assignments." (268 Ala. 179, 105 So.2d 56)

In this case, the first decree sought to be reviewed was rendered, as shown above, on September 19, 1968, more than a year before the decree was rendered from which this appeal was taken. The time for taking an appeal from the first decree had expired when the second decree was rendered and entered.—§§ 754 and 788, Title 7, Code 1940.

If the "first decree" was a "final" decree, then our holdings in Staley v. International Agr. Corp., *supra*; Hoffman v. Jordan, *supra*; and Moody v. Myers, 268 Ala. 177, 105 So.2d 54, compel us to grant Equitable's motion to strike the assignments of error.

Equitable held a first mortgage on some four thousand acres of timberland in Wilcox, Butler and Monroe Counties, belonging to Virgil, Carl and Byron Hale.

Those lands were subsequently mortgaged to the Citizens & Southern Bank of

Atlanta, the Montgomery Production Credit Association, W. S. Perryman, and to the Bank of Pine Apple, Alabama.

There were numerous timber mortgages on the land, all of which were held by the Bank of Pine Apple as collateral for a wide variety of notes and other transactions.

The Banking Board of this state directed the closing and liquidation of the Bank of Pine Apple and the F.D.I.C. was appointed Receiver by the Superintendent of Banks.

After the Bank was closed and the collapse of the Hales' business ventures, Equitable filed its bill in the Circuit Court of Wilcox County, in Equity, to foreclose its mortgage.

F.D.I.C., in its capacity as Receiver; the Citizens & Southern Bank; Montgomery Production Association; W.S. Perryman, and other junior lienholders, along with the Hales, were made parties respondent.

The foreclosure sale was held on June 18, 1968, and produced a high bid of $501,-000, which was considerably in excess of the amount due Equitable. The Register's report was subsequently filed.

Decrees were entered on July 2, 1968, which, among other things, confirmed the sale and awarded fees to Equitable's attorneys, to the Register and to Pete Jones, who was the Tax Assessor of Wilcox County.

At the insistence of F.D.I.C., the decrees of July 2, 1968, were vacated and a hearing was thereafter held in regard to the fees.

On September 19, 1968, the decree to which we have previously referred as the first decree was rendered. That decree confirmed the Register's Report of Sale; confirmed the Register's Deed and title in the purchaser, Joe Jones, at the foreclosure sale; determined the amount of mortgage debt, with interest, due to Equitable; determined the amount of Attorney's fees to Equitable's attorneys; established the amount of the "Commissioners" (Register) fee; and directed the payment of all costs, including the above items and the sum of $1,500 to Pete Jones, the Tax Assessor.

That decree finally determined all rights of the complainant, Equitable, and specifically relieved and released Equitable from any further liability or duty in connection with the mortgaged property, or with the proceeds of the sale or with the legal proceedings.

The only thing remaining unsettled after the decree of September 19, 1968, was the distribution of the balance of $163,415.99 remaining in the hands of the Register after making all of the previously mentioned payments. This required a determination of the respective rights of parties, other than Equitable. The distribution of that fund, $163,415.99, in no way affected the rights of Equitable and in no way affected the determinations made by the decree of September 19, 1968.

The decree of October 10, 1969, from which this appeal was taken, made distribution between the respondents Citizens & Southern National Bank, W. S. Perryman and F.D.I.C. of that part of the $163,415.-99 which remained after Montgomery Credit Association was paid its debt, as agreed upon by the three distributees of the remainder of the fund.

The first decree rendered on September 19, 1968, is clearly a final decree since it ascertained and settled the equities between Equitable and the respondents. The fact that the cause remained *in fieri* in respect to the distribution of the aforementioned fund does not change this situation.—Moody v. Myers, 268 Ala. 177, 105 So.2d 54; Hoffman v. Jordan, *supra;* Staley v. International Agr. Corp., *supra.*

We have not overlooked the fact that the decree of October 10, 1969, refers to the decree of September 19, 1968, as an interlocutory decree. But it is the effect and scope of a decree which determines its character, not the name given to it.

Equitable's motion to strike the asssignments of error is granted. It follows that the decree from which the appeal was taken cannot be disturbed. It is affirmed.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and was adopted by the Court as its opinion.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH, MADDOX and SOMERVILLE, JJ., concur.