THIGPEN, Judge.
This is an appeal from a forfeiture case.
On September 11, 1991, the State of Alabama (State) filed a complaint in the Circuit Court of Blount County, alleging that a 1954 Ford truck and $930 in U.S. currency (collectively referred to as “seized items”) had been used in the illegal transportation and exchange of controlled substances, and therefore, were subject to forfeiture according to Ala.Code 1975, § 20-2-93. The seized items were the only named defendants, but the complaint alleged that the seized items were in the possession of a juvenile at the time of seizure, and that the vehicle was registered to Raiford Hodge. The complaint requested, inter alia, that the trial court cause proper process to be issued requiring any parties claiming an interest in the seized items to plead or answer within the time prescribed by law, and that the trial court then order the forfeiture of the seized items.
On September 20, 1991, the trial court ordered the circuit clerk to notify, by publication in a local newspaper, all parties claiming an interest in the seized items, and to instruct these parties to file any written claims concerning the seized items with the circuit clerk on or before November 7, 1991. On November 7, 1991, the trial court ordered that the case was ready for hearing and noted that no person had responded with a claim for the seized items. Accordingly, the trial court ordered that the vehicle be condemned, pursuant to Ala.Code 1975, § 20-2-93, and that the vehicle be sold at public auction on December 6, 1991. Additionally, the trial court order instructed the circuit clerk to publish the auction date in a local newspaper and to advise the trial court of the execution of the sale. On November 11, 1991, the trial court amended its order to include the $930 currency as forfeited.
On December 5,1991, Hodge and the juvenile filed a motion to set aside the default judgment entered on November 7,1991, stating that neither Hodge nor the juvenile had been made a party to the proceedings as requested by the State in its original complaint. The trial court set a date for the hearing of this motion and ordered that the sale of the vehicle be continued.
On the case action summary, the trial court ordered: “Motion to set aside having been argued and testimony taken ... and, The Court finding that [the] State ... complied with notice provisions of [the] statute governing condemnation ... motion to set aside default is hereby overruled and denied.” This handwritten entry was dated January 15, 1992, but stamped filed in the circuit clerk’s office on January 16, 1992.
On April 30, 1992, the trial court ordered that the sale of the vehicle, which the circuit clerk stated had taken 'place a week earlier, was ratified and confirmed. On June 9,1992, Hodge appealed to this court. We hold, however, that Hodge’s appeal is untimely under the provisions of Rule 4(a)(1), A.R.App.P., and dismiss it according to Rule 2(a)(1), A.R.App.P.
Rule 4(a)(1), A.R.App.P., provides that “the notice of appeal ... shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” (Emphasis added.) Here, Hodge’s notice of appeal states that he was appealing a final judgment “confirming [the] condemnation of a vehicle.” In his brief on appeal, Hodge basically argues that the State’s failure to name him as a party and the State’s failure to personally serve him with notice of the condemnation proceedings voided the judgment of condemnation. Also, Hodge argues that the trial *980 court abused its discretion in refusing to set aside the judgment of condemnation.
From the scant record on appeal, it appears to this court that the arguments and contentions of Hodge all relate to the trial court’s judgment, entered in January 1992, overruling and denying Hodge’s motion to set aside the judgment of condemnation. It also appears that it is this judgment of January 1992, which is the “judgment or order appealed from” as contemplated by Rule 4(a)(1), A.R.App.P. As a result, the June 9, 1992, notice of appeal falls well beyond the 42-day time limit of Rule 4(a)(1), A.R.App.P. Consequently, this appeal is due to be, and it is hereby, dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and RUSSELL, J., concur.