ALMON, Justice.
Raiford Hodge petitioned this Court for a writ of certiorari to review the dismissal by the Court of Civil Appeals of his appeal from the condemnation and sale of his truck. 643 So.2d 978. Hodge argues that the holding by the Court of Civil Appeals that his appeal was untimely conflicts with the following statement of law in Baer v. Aleo Land & Timber Co., 291 Ala. 640, 645, 285 So.2d 913, 916 (1973): “[T]he decree of confirmation was a final decree from which Baer could have appealed, and on such appeal the entire proceedings of the judicial sale could have been reviewed.” Alternatively, Hodge argues that a question of first impression is presented and was wrongly decided, that is, the issue of whether an appeal from an order confirming a sale pursuant to Ala.Code 1975, § 20-2-93, brings before the appellate court the entire proceeding.
In September 1991, the State of Alabama filed a complaint in the Circuit Court of Blount County, alleging that a Ford truck had been used in the illegal transportation of a controlled substance and that the truck was therefore subject to forfeiture pursuant to *981 Ala.Code 1975, § 20-2-93. The trial court ordered the circuit clerk to give notice, by publication in the local newspaper, that any person claiming an interest in the truck was to file a written claim before the November 7, 1991, trial date.
No one filed a written claim to the truck, and on November 7, the trial court entered a default judgment, ordering that the truck “is condemned to be sold at a public auction” on December 6 and ordering the circuit clerk to publish the auction date in the local newspaper. On December 5, Hodge filed a motion to set aside the default judgment, arguing that he had not been made a party to the action as requested by the State in the complaint. The trial court delayed the sale, but denied Hodge’s motion on January 15, 1992.
On April 30,1992, the trial court confirmed the sale, which had taken place a week earlier. On June 9, 1992, Hodge appealed to the Court of Civil Appeals. That Court determined that the substantive issues raised by Hodge actually related to the trial court’s January 15 order, not the April 30 order confirming the sale. The Court therefore held that, pursuant to the first sentence of Rule 4(a)(1), Ala.RApp.P., the appeal was untimely.
Hodge argues that Rule 4 allows appellate courts to review all the orders or rulings of the trial court upon the entry of the “final” judgment in a situation, such as a judicial sale, where the court has made several orders or rulings that arguably have some attributes of finality. Hodge argues that the Court of Civil Appeals’ narrow interpretation of Rule 4 fails to take into account the following provision of Rule 4(a)(1): “On an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court.” The Committee Comments to Rule 4 clearly support Hodge’s argument:
“The [last] sentence of subdivision [ (a)(1) ] is intended to eliminate the confusion resulting from multiple ‘final’ orders or decrees or judgments. In this connection, the holdings in such cases as Federal
Deposit Ins. Corp. v. Equitable Life Ins. Co., 289 Ala. 192, 266 So.2d 752 [ (1972) ]; Labovitz v. Gulf American Fire & Casualty Co., 47 Ala.App. 412, 255 So.2d 592 [ (1971) ]; and Moody v. Myers, 265 Ala. 435, 91 So.2d 686 [ (1956) ];[1] are superseded,”
(Emphasis added.) The holding by the Court of Civil Appeals in this case is more consistent with the cases cited as being superseded by Rule 4(a)(1) than with the rule itself.
We agree that Hodge’s citation to Baer is appropriate, at least by analogy. He also cites Taylor v. Taylor, 398 So.2d 267 (Ala. 1981), to the same effect. See also Jetton v. Jetton, 502 So.2d 756 (Ala.1987), and Sexton v. Sexton, 280 Ala. 479, 195 So.2d 531 (1967). Those appeals all concerned decrees ordering the sale of land, not in a condemnation context. They are analogous, however, and Jet-ton is particularly so:
“Thus, the intervenors could have appealed either from the judgment on June 12, 1978, ordering the sale of the land, or from the judgment on March 24, 1986, confirming the sale. The intervenors appealed from the confirmation judgment. They were entitled to raise objections arising from both the initial judgment ordering the land sold, and from the judgment confirming the sale, so long as the trial judge was given an opportunity to rule on such objections, and, in this case, he was.”
502 So.2d at 759.
Hodge also cites this Court to Dixon v. Dixon, 485 So.2d 742 (Ala.Civ.App.1986), and Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App.1982). In both Dixon and Wesley, the Court of Civil Appeals held that an attempt to appeal from a judicial sale before the sale had been confirmed by the trial court was premature because the sale itself was not a final judgment. The Wesley court expressly held that because the trial court may decline to confirm the sale, the judgment is not final until the confirmation has taken place.
*982 No basis for affirming the judgment of dismissal has come to our attention, and we note that the State did not file a brief in response to Hodge’s petition for certiorari review and did not file a brief in the Court of Civil Appeals. The Court of Civil Appeals cited no authority other than the first sentence of Rule 4(a)(1), Ala.RApp.P., in support of its holding. As we have shown, the last sentence of Rule 4(a)(1) is more pertinent here and it requires a reversal of the judgment of the Court of Civil Appeals. Therefore, the judgment must be reversed and the case remanded for the Court of Civil Appeals to address Hodge’s substantive arguments.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. As Hodge’s attorney correctly points out, the citation to Moody v. Myers in the committee comments should have been to the subsequent appeal, reported at 268 Ala. 177, 105 So.2d 54 (1958).