PER CURIAM.
Aloysius T. Henry, an inmate incarcerated in the Alabama correctional system, filed a complaint in the Elmore Circuit Court seeking, pursuant to 42 U.S.C. § 1983, monetary and injunctive relief against Barry Dupree, an officer employed by the Alabama Department of Corrections, arising from an incident in which Dupree was alleged to have violated Henry’s Eighth Amendment right to be free from cruel and unusual punishment by using excessive force to restrain Henry. After Henry had filed a motion for a default judgment in the case and the case had been transferred to the Montgomery Cir *960 cuit Court, Dupree filed a motion to dismiss or, in the alternative, for a summary judgment. The Montgomery Circuit Court, after a hearing, entered a summary judgment in favor of Dupree on October 20, 2010. Henry mailed a timely notice of appeal on November 23, 2010 (see Rule 4(c), Ala. R.App. P.), and the appeal was duly docketed in this court as case no. 2100213; however, because Henry failed to pay for the costs of preparing the clerk’s record as directed by this court, we dismissed that appeal for lack of prosecution on January 19, 2011, see Rule 2(a)(2)(C), Ala. R.App. P., and after overruling Henry’s application for rehearing issued our certifícate of judgment on March 28, 2011. See Henry v. Dupree (No. 2100213), — So.3d —(Ala.Civ.App.2011) (table).
On May 18, 2011, Henry mailed a second notice of appeal indicating his intent to appeal from the October 20, 2010, judgment to the Alabama Court of Criminal Appeals. That court, correctly noting that Henry’s claim was civil, rather than criminal, in nature, transferred the appeal to our supreme court, which in turn transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
Although the parties have filed briefs in this appeal addressing the merits of the October 20, 2010, judgment, we do not reach those arguments because we lack jurisdiction to review that judgment. Rule 4(a)(1), Ala. R.App. P., which has been in effect since 1975, provides that, with certain exceptions not here pertinent, in all cases in which an appeal is permitted by law as of right to an appellate court, “the notice of appeal ... shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” Because Henry is seeking review of a final judgment entered on October 20, 2010, the last day for him to have timely filed a notice of appeal in this case was December 1, 2010. Although Rule 4(c), Ala. R.App. P., provides that a notice of appeal on behalf of an inmate confined in a penal institution and proceeding pro se shall be deemed filed as of the date of its mailing if it is deposited in the institution’s internal mail system on or before the last day for filing, Henry’s notice of appeal to the Court of Criminal Appeals was not mailed until May 18, 2011, well after the deadline for filing a notice of appeal had passed.
In Wilson v. Wilson, 53 Ala.App. 194, 298 So.2d 616 (Civ.App.1973), a case decided before the adoption of the Rules of Appellate Procedure, this court considered the propriety of a second appeal from a particular judgment that had been taken after the dismissal of an initial appeal from that same judgment. In Wilson, the pertinent judgment was last amended on August 15, 1972; the first appeal was filed on September 15, 1972, but was dismissed (as was Henry’s first appeal from the October 20, 2010, judgment) for lack of prosecution, after which a second appeal was filed on February 13, 1973. Citing FDIC v. Equitable Life Assurance Society of the United States, 289 Ala. 192, 266 So.2d 752 (1972), for the proposition that “where an appeal has been dismissed for the failure to present it properly, the effect is the same as if no appeal had been taken,” this court denied the appellee’s motion to dismiss the second appeal, noting that the second appeal had also been “taken within the time allowed for an appeal.” 53 Ala.App. at 198, 298 So.2d at 619. However, at the time Wilson was decided, a party generally had a full six months within which to appeal from a final judgment. See Rule 4, Ala. R.App. P., Committee Comments on 1975 Adoption. In this case, Henry had only 42 days within which to perfect an appeal from the October 20, 2010, judgment of the Montgomery Circuit Court; under Wilson, although Henry’s first ap *961 peal was timely, the dismissal of that appeal left him in the position “as if no appeal had been taken,” 53 Ala.App. at 198, 298 So.2d at 619, and his second appeal was not timely filed under Rule 4 in order to invoke the jurisdiction of this state’s appellate courts.
Under Rule 2(a)(1), Ala. R.App. P., “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” This appeal is, therefore, due to be dismissed.
APPEAL DISMISSED.
All the judges concur.